# SUPREME COURT.

## HENNESSEY agt. HENNESSEY.

*Divorce — How far parties competent as witnesses — Code of Civil Procedure, section 831.*

Under the provisions of Rule 78, a defendant in an action for divorce cannot be permitted to testify in her own behalf, to contradict the plaintiff, in respect to the matters as to which that rule allows the plaintiff to testify.

Although the amendment made to section 831 of the Code of Civil Pro-

Hennessey agt. Hennessey.

cedure, in 1879, is very broad, *it seems* such amendment has not removed the restriction heretofore imposed by statute, as to parties to an action for a divorce testifying in their own behalf.

LAWRENCE, *J.* — I am not aware that it has ever been held that, under the provisions of Rule 78, a defendant in an action for divorce can be permitted to testify in her own behalf to contradict the plaintiff, in respect to the matters as to which that rule allows the plaintiff to testify. Nor am I prepared to hold that, under the existing provisions of the Code, either party may testify in their own behalf without restriction. The amendment made to section 831 of the Code of Civil Procedure, in 1879, is very broad, but until it has been determined by an appellate court that such amendment has removed the restriction heretofore imposed by statute, as to parties to an action for divorce testifying in their own behalf, I shall adhere to the former practice and exclude the testimony of the defendant, and only receive that of the plaintiff as to those matters in regard to which the statute and rules permit her to testify. I think that the referee erred, therefore, in receiving the testimony of the defendant. But if I entirely reject the testimony of the defendant, there is still sufficient evidence of condonation by the plaintiff to sustain the report of the referee. Such condonation, by subsequent cohabitation with the defendant, is clearly shown by the evidence adduced by the defendant. Against this evidence there is the uncorroborated statement of the plaintiff himself. The preponderance of the proof is with the defendant on this point, and the report of the referee must, therefore, be confirmed.