MARY A. DICKINSON, RESPONDENT, v. ALBERT E. DICKINSON, APPELLANT.

*Divorce — as to what jurisdictional fact, put in issue by the answer, the plaintiff cannot testify — Code of Civil Procedure, secs.* 831, 1756, *sub.* 3.

In an action for a divorce upon the ground of adultery brought by a wife against her husband, it became necessary, under section 1756, subdivision 3 of the Code of Civil Procedure, for the plaintiff to allege and to prove that she was a resident of this State when the offense was committed by the husband, and also when the action was brought, as these jurisdictional allegations as to residence were put in issue by the answer.

Upon the trial the plaintiff was allowed to prove her residence under both branches of the question.

*Held*, that this was improper.

That where jurisdictional facts are put in issue the plaintiff can testify only to the fact of marriage and to disprove a charge of adultery against herself.

APPEAL by the defendant Albert E. Dickinson from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 30th day of April, 1891, granting the plaintiff a judgment of absolute divorce after a trial before the court at the New York Special Term.

*Stimson & Williams*, for the appellant.

*Stoddart & Hart*, for the respondent.

PATTERSON, J.:

This judgment must be reversed for error in the admission of testimony. The action was for divorce, the plaintiff suing on an allegation of adultery on the part of the defendant. It appeared in evidence that the defendant had procured a decree of divorce against the plaintiff in Illinois. After procuring the decree referred to, the defendant married again, and the adultery charged is his cohabitation with the woman to whom he claims to have been so married. The present plaintiff, basing her action upon that alleged adultery, was called as a witness on her own behalf. She had set up in her complaint the jurisdictional facts required in actions of this character. She averred that the plaintiff and defendant had been actual inhabitants of the State of New York, and that "this plaintiff for eight years

last past has been, and now is, an actual inhabitant of the city, county and State of New York." The action was commenced in June, 1889. The adultery charged is alleged to have been committed at various times since the 15th day of August, 1887. The answer denies the residence of the plaintiff and puts it in issue, both as to the time of the alleged commission of the acts of adultery charged upon the defendant, and at the time of the institution of this action. The plaintiff was allowed to testify, under objection and exception, as to her residence in both aspects in which that subject became material on the trial.

The qualifications of a husband or wife to bring an action for divorce in this State, and the grounds upon which a decree may be pronounced, are matters of positive legislation. That was expressly decided in *Erkenbrach* v. *Erkenbrach* (96 N. Y., 456). As to the right to sue, it is regulated by the Code of Civil Procedure. When, as in the present case, there is sought a divorce *a vinculo*, on the ground of adultery, it is provided by section 1756 of that Code that the plaintiff, when the parties were not both residents of the State when the offense was committed, and where they were not married in this State, and the offense was not committed in this jurisdiction while the injured party was a resident therein (and such is this case), the plaintiff must have been a resident of this State when the offense was committed and also when the action was brought. As lying at the very foundation of the suit, therefore, it was necessary to establish two jurisdictional facts, and they were distinctly put in issue. The general averment of the complaint that the plaintiff had resided in the State of New York for eight years before the commencement of her present action, covers both requirements as a matter of pleading, but when the record is critically examined we cannot find any sufficient proof of that allegation aside from the plaintiff's own testimony. There were three other witnesses called on that subject, viz., Albert S. Dickinson, Henry P. Huling and Mary Roberts, but it is quite clear that their testimony is utterly inconclusive on the subject; and if there had been no other testimony than theirs it would not have been an erroneous finding of fact had the learned judge determined that when the acts of adultery complained of were committed the plaintiff resided in New Jersey, and not in New York.

The only real testimony as to residence at the time last referred to is that of the plaintiff herself; and it seems too plain for argument that under section 831 of the Code of Civil Procedure she was incompetent to testify to anything involved in her right to a decree, except as to marriage and to disprove any charge of adultery against herself. Jurisdictional facts must be proven as well as merits when they are put in issue, and there was clear error in allowing the plaintiff to testify as to those facts. The inhibition of the statute applied, and we cannot say that it was not that very testimony which induced the learned judge at the Special Term to find that the plaintiff had that legal status, which was a prerequisite to her maintaining her action in the courts of this State. She had formerly brought a suit in New Jersey for the same relief, and on the same state of facts, and on the testimony there adduced it was decided that she was not a resident of that State, but of New York. She had sworn in that suit that she lived in New Jersey, and not in New York, when the alleged acts of adultery were committed by the defendant. Precisely in what aspect of the proof in the Court of Chancery in New Jersey that conclusion was reached we do not know. It may have been a question of credibility, but that the court in that State found she did not reside there is no reason why, on this record, we should find that she did reside here. On the state of the proof, and in view of the plaintiff being allowed to testify to her residence as she did, we think the judgment should be reversed and a new trial ordered, with costs to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.