### COLWELL v. COLWELL.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

1. DIVORCE—ADULTERY—TESTIMONY OF HUSBAND.
   It is error to permit a husband to testify to facts tending to prove his wife's adultery, since Code Civ. Proc. § 831, provides that a husband is not competent to testify against his wife in an action founded on allegations of adultery, except to prove the marriage or disprove an allegation of adultery.

2. WITNESS—VOLUNTEERED STATEMENTS—CONTRADICTING TESTIMONY.
   A statement volunteered by a witness during his cross-examination does not make him the witness of the party cross-examining as to that statement, so as to preclude the introduction of testimony to contradict the statement.

**8. Same—Incompetent Evidence—Effect on Result of Suit.**

    The rule in equity cases that, where incompetent evidence is before the court, the error may be disregarded if there is ample evidence to sustain the finding, does not apply in an action for divorce, where the errors in the admission and exclusion of evidence are so numerous and crucial that they possibly affected the result of the case, and, knowing which, counsel elected to take the risk.
    Patterson, J., dissenting.

    Appeal from judgment on report of referee.

    Action by Frederick L. Colwell against Geneveive R. Colwell for divorce. There was a judgment for plaintiff, and defendant appeals. Reversed.

    Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

    A. B. Boardman, for appellant.

    T. McAdam, for respondent.

    VAN BRUNT, P. J. This action was brought to procure a decree of divorce upon the ground of adultery. An answer was put in, denying the cause of action set up in the complaint, and making counter charges. The issues thus formed were, by consent of the parties referred to a referee, who made his report, finding the defendant guilty of the charges contained in the complaint, and the plaintiff not guilty of the charges made in the answer. A judgment being entered upon this report, an appeal therefrom was taken. No questions of fact are presented for consideration, but the appellant relies exclusively upon errors of law committed during the progress of the trial. It will not be necessary, in the consideration of these questions, to go into detail in respect to the evidence which was introduced.

    It appears upon an inspection of the record that the plaintiff was examined as a witness in his own behalf, and allowed to testify as to some of the material facts tending to prove the charge of adultery against the defendant. It is true that, by consent of the parties, a portion of this evidence was stricken out, but an important part was allowed to stand. The defendant's counsel objected in due season that, under the provisions of the Code of Civil Procedure (section 831), the plaintiff was incompetent to testify to any facts except the marriage and facts tending to disprove his own adultery. The objection was overruled. This was clearly error. It was a plain violation of the provisions of the Code, which the referee in his opinion states "sealed the mouth of the plaintiff." This seal, however, the referee seems to have removed.

    The plaintiff was also permitted to examine a witness of the name of Mattie Coleman, who testified to an interview had between her and the defendant's attorney, which evidence tended to show that the attorney endeavored by unfair means to procure said Coleman to become a witness upon the part of the defendant, and incidentally to impeach the evidence of two witnesses who had been examined on behalf of the defendant. There was no evidence whatever that the defendant knew anything about this, or that she ever authorized any such action upon the part of the attorney, if it took

place; and it is clear that she was not bound by any misconduct of which the attorney may have been guilty. This evidence was objected to in due season by the defendant and its admission was clearly error.

Our attention is also called to an exception to the exclusion of certain evidence upon the part of a witness named Peck. Upon the cross-examination of a witness for the plaintiff, one Hopton, he stated, in answer to a question which did not call for what follows, that one Peck had made certain declarations to him affecting the question of the culpability of the defendant. This being irresponsive and substantially direct evidence forced upon the defendant, it was sought by Peck to contradict the statement of this witness; but the evidence was objected to as being incompetent, irrelevant, immaterial, and as tending to contradict their own witness. This objection was sustained, and the defendant duly excepted. It is clear that Hopton was not the witness of the defendant. She had a right to cross-examine him as to all the incidents attending the testimony which he had given, and did not thereby make him her witness as to any fact or circumstance as to which he had not theretofore testified. The refusal to admit the evidence was error.

It is claimed, however, that notwithstanding the errors to which attention has been called, and the fact that the express provisions of the Code have been violated in the conduct of the trial, the defendant was proven so clearly guilty of the charges made in the complaint that the judgment should not be reversed because of the errors which have been suggested; and our attention is called to the rule which has been stated to obtain in equity cases that, where incompetent evidence is before the court, the error may be disregarded where there is ample evidence to sustain the finding of the court. This rule cannot avail the plaintiff here. The errors in the admission and exclusion of evidence are so numerous and crucial that they cannot properly be disregarded. The plaintiff's illegal testimony tended to corroborate his own witnesses, and also to weaken the theory of the defense. The incompetent testimony of Mattie Coleman injuriously affected the affirmative case against the plaintiff, while the refusal to permit Peck to contradict Hopton left undenied a statement most damaging to the defendant. Peck was avowedly the defendant's strongest supporter, and it was his alleged declaration to Hopton, to the effect that the defendant had actually confessed her guilt, which was thus left undenied. It is impossible, in view of the glaring violation of the statute with regard to the husband's testimony, and of a series of errors thus interwoven with the essential features of the case on both sides, safely to apply the rule which the plaintiff invokes. The latter cannot complain of the result. His attorney's attention was specifically called to the attempted violation of the statute. He was informed by the learned referee that he must take the risk if the testimony were admitted. He did so, and he should bear the burden.

The judgment should be reversed, and new trial had, before a new referee, appointed upon the entry of the order hereon, as pro-

vided for by section 1011 of the Code of Civil Procedure, with costs to the appellant to abide the event.

BARRETT and WILLIAMS, JJ., concur. RUMSEY, J., concurs in result.

PATTERSON, J. I dissent. Notwithstanding the erroneous rulings, and independently of the testimony affected by them, there was other competent and convincing evidence of the guilt of the defendant. The judgment should be affirmed.