(55 App. Div. 113.)

### BUDD v. BUDD.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

1. DIVORCE—TESTIMONY OF WIFE—IMPEACHMENT BY HUSBAND.

Code Civ. Proc. § 831, provides that neither husband nor wife shall be a competent witness against the other in an action for divorce for adultery, except to prove the marriage or disprove the adultery. Defendant filed a cross bill for divorce on account of his wife's adultery with G., and evidence was given that she and O. had been seen together in a bedroom of the house where plaintiff and defendant lived, under suspicious circumstances; O. being a carpenter working on the house. The wife testified that she had never seen O., and that the carpenters had completed their work and left the house ten days prior to the time mentioned. *Held*, that admitting the husband to testify that O. was a carpenter working on the house, and that he was employed there till two weeks after the time mentioned, was reversible error; the husband being an incompetent witness.

2. SAME.

The admission of such evidence was prejudicial as tending to impeach defendant's reputation for chastity and veracity.

3. SAME—EVIDENCE—ADMISSIONS OF CO-RESPONDENT—ADMISSIBILITY.

In an action to divorce a wife for adultery, a witness, who testified to having seen the act of adultery, on cross-examination by the wife testified that immediately thereafter he met the co-respondent, and, in response to a question if he said anything about it to co-respondent, answered, "No." The court then asked if the co-respondent said anything, to which the witness answered that he requested witness to say nothing about it. *Held*, that a refusal to strike out the court's question and the answer was reversible error, since the evidence was not part of anything the wife had drawn out by her question, and, as an admission by

the co-respondent that witness had seen him in the act, was incompetent as to the wife, and prejudicial.

Kellogg, J., dissenting.

Appeal from trial term.

Action by Alvina D. Budd against Atlas A. Budd for separation, in which defendant filed a cross bill for divorce for adultery. From a decree in favor of defendant, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

H. A. Howard and C. H. Sturges, for appellant.
Alvah Fairlee, for respondent.

PARKER, P. J. The plaintiff brought this action to procure a separation on the ground of cruel and inhuman treatment. The husband answered, denying such charges, and setting up as a counterclaim adultery on the part of the wife, and asked for a divorce from her on that ground. The referee to whom the issues were referred found that the defendant was not guilty of the treatment charged against him, but that the wife was guilty of adultery with one Greenwood, and ordered judgment dismissing the complaint and awarding a divorce to the husband from the wife. From that judgment this appeal is taken. Upon this record, therefore, the only questions we need examine are the sufficiency of the evidence to sustain the finding that adultery was committed with Greenwood, and the exceptions taken which bear upon the question of adultery. The evidence is not by any means conclusive, but it depends so much upon the veracity of the witnesses that it is not a case where we should reverse on the ground that the weight of evidence is against the referee's conclusion. There are, however, one or two exceptions to the admission of evidence in the case, which seem to be well taken.

A witness (Cooper) had testified that he on or about September 6 or 7, 1897, saw the plaintiff in a bedroom with one Oles, under circumstances indicating that there were improper relations between them; that Oles was a carpenter then working upon the house where plaintiff and her husband then lived. In reply to this charge the plaintiff testified that she had never seen and did not know Oles, and that all the carpenter work on the house was finished, and the carpenters left, by the 26th day of August. Subsequently the husband was allowed to testify, under the plaintiff's objection and exception, that Oles was a carpenter who worked upstairs and all over the house, and that he did not leave such work until about September 20th. This evidence was of a fact corroborative of the testimony of Cooper, and contradicting the wife on the question whether she did or did not have improper relations with Oles. Clearly, such evidence by the husband was inadmissible, under section 831 of the Code. He was not a competent witness against her upon those questions, and the exception to its admissibility was well taken. The more serious question is, was it harmful error? Evidence of adulterous intercourse or lewd conduct with Oles was probably not relevant evidence to establish adultery with Greenwood. Stevens v. Stevens, 54 Hun, 490, 8 N. Y. Supp. 47.

But surely such conduct could not fail to prejudice the referee against the plaintiff. If he believed Cooper's testimony, it would not only operate against her character for chastity, but also for veracity, because she testified distinctly that she did not know Oles, and, to her knowledge, had never seen him. So the corroborative testimony of the husband was to a fact very damaging in its character to the plaintiff. The referee, however, stated that he admitted the evidence so far as it tended to contradict the affirmative evidence of the plaintiff, and he held that it did not tend to prove adultery by the plaintiff. By "affirmative evidence of the plaintiff," he meant evidence tending to establish the charges set up in her complaint. But as to who Oles was, and when he left the house, was utterly immaterial on any issue so presented. It had not the slightest bearing on any of those questions, but, as stated above, it did have a serious bearing upon the question of plaintiff's chastity and veracity. The referee's opinion indicates that he gave great force to acts on her part prior to the adultery with Greenwood, and which were testified to by "disinterested witnesses," one of whom, presumably, was Cooper. I conclude that this evidence of the husband, being in fact illegal and improperly admitted, must be deemed to have been prejudicial to the plaintiff, and therefore to be reversible error.

During the trial the witness King, called by the defendant, had testified that on October 16, 1897, he had seen the plaintiff in the act of adultery with Greenwood at the house where she and her husband then lived. On cross-examination it appeared that right after that Greenwood had been down at the witness' store, and witness was asked by the plaintiff if he had then said anything to Greenwood about having seen him with the plaintiff. He answered, "No." The referee then asked him if Greenwood said anything to him about it. The witness answered, "He told me not to say anything about it." The referee then asked, "Was that all?" Witness replied, "That is all he said." All this was taken under plaintiff's objection, motion to strike out, and exception. It is sought to sustain this evidence on the ground that the plaintiff had opened the door for it. But the plaintiff had not asked for anything that was there said by either the witness or Greenwood. The answer to her inquiry must have been "Yes" or "No." It did not call for what was said. But the referee went further, and received in evidence what Greenwood said. Such evidence was not justified by the question that plaintiff had asked. It was not part of any conversation that she had drawn out. Hence it seems to have been clearly erroneous. Was it harmful to the plaintiff? It was evidence directly to the point at issue. Substantially, it was an admission by Greenwood that King had seen him in the act, and therefore was not only inadmissible as against the plaintiff, but it is of a character very likely to prejudice her. I am of the opinion that upon a close question of fact, such as this case presents, we should treat it as reversible error.

I conclude that the judgment should be reversed, the referee discharged, and a new trial granted; costs to the appellant to abide the event. All concur, except KELLOGG, J., dissenting in a memorandum.

KELLOGG, J. (dissenting). I think the evidence of defendant, Budd, as to Oles being employed as a carpenter and on the premises until September 20th, was competent. It had this bearing, at least, on the credit to be given to the testimony of plaintiff on the charge of inhuman treatment, and was so remote on any charge of adultery that it could have had no bearing on that. Besides, the referee does not find that plaintiff was guilty of adultery with Oles. The evidence of witness King as to what Greenwood said to him—"He told me not to say anything about it"—is so far immaterial as to lack any weight. This was after the occurrence sworn to, and tends to prove nothing. The adultery sworn to was not proven by doubtful circumstances,—such circumstances as might be colored or given a criminal meaning by any expression Greenwood could have used then, or later; and what was by him said is wholly immaterial, as bearing on the act of adultery. I think the judgment should be affirmed.