(87 App. Div. 156.)

### VALENTINE v. VALENTINE.

(Supreme Court, Appellate Division, First Department. October 23, 1903.)

1. DIVORCE—ALLOWANCE FOR ALIMONY AND SUPPORT OF CHILDREN.
   Allowance to plaintiff of $500 a year alimony and $300 a year for support of each of her two children, in all being but a little more than half of defendant's conceded income, is not excessive.

2. APPEAL—OBJECTION NOT RAISED BELOW.
   Objection in an action for divorce that the wife was incompetent, under Code Civ. Proc. § 831, to testify concerning the husband's property and income, cannot be made for the first time on appeal.

Appeal from Special Term.

Action by Grace I. Valentine against Charles C. Valentine. From portions of the interlocutory judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

David May, for appellant.

Henry J. McCormick, for respondent.

PATTERSON, J. Judgment in an action for divorce was rendered in favor of the plaintiff herein, the marriage between her and the defendant was dissolved, and she was awarded the custody of two infant children. By the interlocutory decree it was provided that the defendant pay to the plaintiff the sum of $300 per annum for the support and maintenance of each of the two children during their infancy, and that he also pay to her for her support and maintenance the sum of $500 during her natural life. The defendant appeals only from so much of the interlocutory judgment as requires the payment of the sums of money above mentioned, the ground of appeal being that the sums allowed are excessive, in view of the evidence relating to the defendant's property and the sources from which he derives his income. These sums are not excessive, even upon the appellant's own

statement. They amount to but a little more than one-half of what he concedes to be his income. The allowance of $300 per annum for the support, maintenance, and education of each child is not excessive, and $500 a year, which is less than $10 a week, is a very moderate allowance for the support of the plaintiff.

The objection is urged that an error was committed by the court in allowing the plaintiff to testify concerning her husband's property and his income. It has been held that in an action for divorce under the statute the wife is prohibited from being examined as a witness regarding other matters than such as are specifically mentioned in section 831 of the Code of Civil Procedure (Colwell v. Colwell, 14 App. Div. 80, 43 N. Y. Supp. 439; Dickinson v. Dickinson, 63 Hun, 516, 18 N. Y. Supp. 485); but we think it is too late to raise the objection for the first time on appeal. No exception was taken on the trial to the introduction of this evidence, and it was allowed to go before the court with the acquiescence of the defendant.

The judgment should be affirmed, with costs. All concur.