(123 App. Div. 220.)

TAYLOR v. TAYLOR.

(Supreme Court, Appellate Division, Fourth Department. January 15, 1908.)

1. DIVORCE—EVIDENCE—ADULTERY—ADMISSIONS IN ANSWER—EFFECT.

In an action for absolute divorce, if a charge of adultery is clearly denied in the answer, admissions therein cannot be regarded as any evidence of defendant's adultery, for otherwise the rule requiring actual proof of the fact, and general rule of practice 76, prohibiting the granting of a divorce on defendant's consent, would be violated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 315.]

2. SAME—NONACCESS OF PLAINTIFF—EVIDENCE—NECESSITY OF OBJECTION.

In an action for absolute divorce, evidence of plaintiff that he did not see defendant from 1903 till May or June, 1905, is incompetent to establish an inference of nonaccess, from which the further inference of adultery is to be established on proof that defendant gave birth to a child in October or November, 1905, and no objection to the competency of the evidence is necessary to prevent its consideration.

3. SAME—REMARRIAGE OF DEFENDANT—EVIDENCE.

In an action for divorce on the ground of adultery, where defendant alleged a divorce and remarriage in another state, and the proof of the charge hinged on defendant's remarriage and the subsequent birth of a child, a copy of the marriage license and marriage certificate, offered to show the second marriage, should be excluded on plaintiff's objection, even though the judgment roll in the divorce suit was also offered.

4. SAME—REMARRIAGE AS EVIDENCE OF ADULTERY.

Though marriage and cohabitation with a second husband is conclusive proof of sexual intercourse, even though the first husband is living, the second marriage alone does not furnish such proof.

5. SAME—PRESUMPTIONS—NONACCESS.

In an action for divorce for adultery, where it appears that a child was born to defendant, nonaccess of plaintiff will not be presumed.

Williams and Kruse, JJ., dissenting.

Appeal from Special Term, Onondaga County.

Action by William L. Taylor against Helena O. Taylor for an absolute divorce. From a judgment of dismissal, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

R. R. Tousley, for appellant.

Homer & Waldo Weston, for respondent.

ROBSON, J. When plaintiff rested his case on the trial, the oral proof before the court was limited to the formal proof given by plaintiff on his examination as a witness, and some vague testimony as to the birth of a child to defendant in October or November, 1905. With this oral evidence plaintiff seems to have relied in establishing his charge of adultery upon certain admissions in defendant's answer, though on the argument of this appeal his counsel practically admits that the motion for a nonsuit should have been granted when made after plaintiff had rested.

Defendant's answer contains two defenses. By the first her marriage with plaintiff is admitted, as is also the residence in this state of both parties at the time of the marriage; and the birth of the child, Luther, issue of that marriage. Then follows a general denial of all other facts alleged in the complaint. The second defense is affirmative, in which she says she left plaintiff on account of cruel and inhuman treatment and failure to properly support her "and acts on his part amounting to principal cause" (whatever that may mean), and went to the state of Texas to reside with friends, having the intention of making that state her home. She then sets out at length the obtaining of a divorce by her in a Texas court, and her marriage with one Cloud thereafter. She further alleges that she has not cohabited with plaintiff since February 24, 1903. It is clear, therefore, that defend-

ant has put in issue the charge of adultery, and also the further allegation of her pregnancy and birth of a child to her while separated from her husband, which plaintiff's complaint contains. The admissions in the answer, taken in connection with the fact of the birth of the child in 1905, which plaintiff sought by the oral evidence offered on the trial to establish, were evidently relied upon by plaintiff at the time he rested his case as establishing the charge that defendant committed adultery with Cloud, her Texas husband. I do not think admissions in an answer in an action for absolute divorce can be regarded as any evidence of the fact that adultery had been committed by defendant, if the adultery charged be clearly denied. If such admissions can be taken as in and of themselves proof of the principal fact,. then a ready way of avoiding the rule that this fact must be clearly proved would be opened to litigants in such actions. It seems that resort to this method of proving any material fact, from which an inference establishing the charge of adultery can be drawn, must necessarily be held not permissible, or the rule in regard to the necessity of actual proof of the fact abandoned. The result of the adoption of any other course of practice would permit the granting of a divorce on the consent of defendant, which is absolutely prohibited. General Rule of Practice 76. Plaintiff's evidence at folio 7 in regard to defendant's leaving him in February, 1903, and that he did not again see her till May or June, 1905, cannot be competent, if any inference of nonaccess is to be drawn therefrom, from which the further inference of her adultery is to be established, based on the claim that he could not in that case have been the father of the child born in October or November of that year. No objection to the competency of the proof for that purpose was necessary. Fanning v. Fanning, 2 Misc. Rep. 90, 20 N. Y. Supp. 849. Therefore on the evidence as it stood at the time plaintiff rested I do not see how it could be held that a prima facie case had been made out. Defendant's proof and plaintiff's proof in rebuttal do not aid in that result. This further proof by defendant, so far as it in any way bears upon this question, is limited to the introduction of the copy of papers, which is practically a copy of the judgment roll in the Texas divorce action, the marriage license and certificate of defendant's marriage with Cloud, and an admission at folio 65 that she swore to her answer, which contained the statement, to which her attention was called. When plaintiff again had the case some further testimony was offered, and the birth of a child to defendant in the latter part of October or in November, 1905, I think was established by competent proof. The proof of the adultery charged still hinged on the marriage of defendant with Cloud and the birth of this child. Defendant seems to have assumed the burden of establishing her marriage with Cloud, and for that purpose offered the copy of a marriage license and marriage certificate. To this plaintiff objected; and I think the objection should have been sustained. But, even if her marriage with Cloud may be deemed to have been established, either by her admission, or by the marriage certificate, or both taken together, that alone would not establish the charge of adultery. Marriage and cohabitation with a second husband, the first husband still living, is conclusive proof of sexual intercourse. Hunt v. Hunt, 72 N. Y. 217,

28 Am. Rep. 129; Clapp v. Clapp, 97 Mass. 531. But I do not know that it has ever been held that proof of a second marriage alone furnishes such proof. If proof of cohabitation is necessary in establishing this fact, I do not think it is found in the case. There is surely no direct proof of that fact; and, if it is to be found from the evidence in the case, it is dependent, as an inference, on the fact that a child was born to defendant some seven months after her return to New York and establishing her residence in the same town in which plaintiff lived. Competent proof of nonaccess of plaintiff during that time does not appear, and no presumption to that effect will be indulged. Mayer v. Davis, 106 N. Y. Supp. 1041; Van Aernam v. Van Aernam, 1 Barb. Ch. 375; Cross v. Cross, 3 Paige, Ch. 139, 23 Am. Dec. 778.

Judgment affirmed, with costs. All concur, except WILLIAMS and KRUSE, JJ., who dissent.