### O'HARA v. O'HARA.

(Supreme Court, Appellate Division, Second Department. January 21, 1910.)

WITNESSES (§ 60*)—COMPETENCY—HUSBAND AND WIFE—DIVORCE.

In divorce for adultery, in which defendant alleged connivance by plaintiff, Code Civ. Proc. § 831, making a husband or wife incompetent to testify against the other in an action founded upon an allegation of adultery, would not prevent defendant from testifying to facts as to plaintiff's alleged connivance which tended to show a conspiracy by him with others to bring about the adulterous act.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 167–172; Dec. Dig. § 60.*]

Appeal from Special Term, Kings County.

Action by James Francis O'Hara against Irene Josephine O'Hara. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, and RICH, JJ.

Peter P. Smith (Joseph J. Reiher, on the brief), for appellant.

Charles M. Davenport (Harry E. Lewis, on the brief), for respondent.

WOODWARD, J. The amended complaint in this action alleges adultery on the part of the defendant with one Philip Kunzinger, in the months of August, September, October, and November, 1905, and in the year 1908, and another act of adultery with a person known to the plaintiff as W. Healy, at the Parkway Hotel, Boulevard, Coney

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Island, Brooklyn, on the 12th day of August, 1908. The answer denied both of the allegations of adultery, and as to the first alleged that it had been forgiven by the plaintiff, both expressly and by cohabitation after knowledge of the facts, and as to the second offense it was alleged that, if committed at all, it was so committed with the consent, connivance, privity, and procurement of the plaintiff. The case was sent to a referee to hear, try, and determine, and after an exhaustive trial on the merits the learned referee dismissed the complaint, upon the ground that the act of adultery charged against the defendant as of August, 1908, was brought about through the connivance of the plaintiff, while the other acts of adultery had been condoned, after full knowledge of the facts.

A careful following of the evidence in this case discloses no reason for interfering with the judgment. The conclusion is irresistibly forced upon us that the plaintiff in this action deliberately conspired with his private detectives in bringing about a situation which, apart from the connivance, must be held to establish the fact of adultery. It is not worth while to fill up the Reports with details of this conspiracy. It is enough that the evidence warranted the referee in reaching the conclusion that the complaint should be dismissed, and that no reversible errors appear in the case.

It is urged that it was error for the learned referee to permit the defendant to testify to facts in relation to the connivance alleged in her answer, under the limitations imposed by section 831 of the Code of Civil Procedure; but the cases of Stevens v. Stevens, 54 Hun, 490, 8 N. Y. Supp. 47, and Huntley v. Huntley, 73 Hun, 261, 26 N. Y. Supp. 266, distinctly hold that the defendant is not thus limited by the Code provision, and the reasoning on which these decisions rests leaves no doubt of the legislative intent. To say that a woman accused of adultery is confined to a mere denial of the act, and that she is forbidden to tell of facts and circumstances tending to explain her situation, and tending to show a conspiracy to thus place her, is to convict the Legislature of a gross injustice.

The judgment appealed from should be affirmed, with costs. All concur.