## BIERS v. BIERS.

(Supreme Court, Equity Term, Erie County. December, 1911.)

WITNESSES (§ 60*)—COMPETENCY—ACTION BY HUSBAND AND WIFE—DIVORCE ACTION.

Code Civ. Proc. § 831, provides that a husband or wife is not competent to testify against the other upon the trial of an action founded upon an allegation of adultery, except to prove the marriage or disprove the allegation of adultery. Section 1757 provides that, if the answer in divorce does not put in issue plaintiff's allegation of adultery or defendant makes default, plaintiff must satisfactorily prove that there is no judgment against him in favor of defendant for divorce on the ground of adultery, and General Rules of Practice, rule 72, provides that in an action for divorce for adultery, unless it be alleged in a verified complaint that plaintiff has not voluntarily cohabited with defendant since discovering the adultery, the relief shall not be awarded until plaintiff's affidavit be produced stating the above facts. *Held*, that section 831 only prohibited a husband suing for divorce for adultery from testifying to anything against the defendant which tended to establish his cause of action, but did not prohibit him from denying the alleged admission of condonation of the adultery charged.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 167–173; Dec. Dig. § 60.*]

Action by William H. Biers against Anna Biers. Interlocutory judgment for plaintiff.

Thomas E. Boyd, for plaintiff.
John T. Ryan, for defendant.

BROWN, J. [1] The plaintiff's complaint contains allegations charging the defendant with adultery, and demands judgment of divorce. The answer of the defendant alleges the affirmative defense that the acts of adultery charged in the complaint have been condoned and forgiven by the plaintiff. The adultery of the defendant as charged by the plaintiff was established by satisfactory evidence. The defendant called Mrs. Warner as a witness, who testified, in substance, that the plaintiff has stated to the witness that he forced from the defendant's paramour at the point of a revolver a confession that the paramour and the defendant had committed the adultery charged in the complaint; that, after obtaining such confession, he, the plaintiff, had forgiven the defendant, condoned the offense; that there had been a reconciliation between the plaintiff and the defendant; and that they were going to start over and live happy together thereafter. After offering some evidence seeking, but failing, to prove acts of adultery on the part of the plaintiff, the defendant rested. The counsel for the plaintiff then called plaintiff to the stand, and interrogated him as to the alleged admission testified to by Mrs. Warner. All questions thus asked of plaintiff were objected to upon the ground that the witness was disqualified from testifying to anything except the marriage and to disprove adultery charged against him, under section 831 of the Code of Civil Procedure, which reads as follows:

"A husband or wife is not competent to testify against the other upon the trial of an action, or the hearing upon the merits of a special proceeding

founded upon an allegation of adultery, except to prove the marriage or disprove the allegations of adultery."

The objection was overruled. The witness denied the making of the admissions claimed by Mrs. Warner. At the close of the evidence, the defendant moved to strike out the evidence of the plaintiff so received as incompetent under section 831 of the Code. In the absence of such denial by the plaintiff, a finding must be made that the plaintiff condoned the offense charged. With such denial of such admission properly in the case, the plaintiff would be entitled to an interlocutory decree of divorce. Is such evidence competent? Attention has been called to no authority deciding the precise question presented.

In Dickinson v. Dickinson, 63 Hun, 516, 18 N. Y. Supp. 485, the plaintiff was held to be prohibited from testifying to her residence, that being a question of jurisdiction necessary to be established as a part of her affirmative case; the General Term saying:

"She is incompetent to testify to anything involved in her right to a decree, except marriage and to disprove any charge of adultery against herself."

In McCarthy v. McCarthy, 143 N. Y. 235, 38 N. E. 288, it was held that testimony of the plaintiff while incompetent under section 831 of the Code upon the charges made by the plaintiff was not erroneously received as bearing upon the countercharges made by the defendant. In this case the plaintiff charged the defendant with adultery, and the defendant charged the plaintiff with adultery. The Court of Appeals say that two distinct issues were being tried simultaneously before the referee, to wit, the charges of the plaintiff and the countercharges of the defendant, that the evidence of the plaintiff was competent as to one issue and incompetent as to the other. It is difficult to see how the judgment of the Court of Appeals in this case can be reconciled with the provisions of section 831 of the Code upon any other theory than that a husband or wife is not competent to testify to any fact necessary to be proved as a part of their affirmative case against the other upon the trial of an action founded upon an allegation of adultery except to prove marriage.

In Merrill v. Merrill, 41 App. Div. 347, 58 N. Y. Supp. 503, the plaintiff testified that she cohabited with the defendant relying upon his statement that he had not committed the adultery charged. The Appellate Division reversed a judgment in favor of the defendant upon the ground that the plaintiff by so testifying had established that there had not been a condonation. If section 831 of the Code made her incompetent to testify that there had not been a condonation, it is impossible to understand how the Appellate Division would reverse a judgment solely upon such incompetent testimony. In Karger v. Karger, 19 Misc. Rep. 236, 44 N. Y. Supp. 219, the defendant testified to cohabitation after plaintiff was acquainted with the charges of adultery. Upon the trial, the plaintiff denied such cohabitation. This testimony was received upon a trial presided over by Justice Roger A. Pryor. In Hennessey v. Hennessey, 58 How. Prac. 304, the plain-

tiff was allowed to testify that there had been no condonation. Upon the application to the court for judgment on the default of a defendant, the plaintiff is a competent witness to prove that the offense has not been condoned (rule 72, General Rules of Practice), and also to prove that no judgment has been recovered against him for divorce on the grounds of adultery. Section 1757, Code of Civil Procedure. It is impossible to reconcile a statute that forbids plaintiff from testifying to a fact upon the trial of an issue with a statute that permits such testimony upon an inquest on default.

It is not a part of an affirmative case that there has been no condonation. In testifying that there was no condonation, the plaintiff was not testifying to anything upon the issue of the defendant's adultery. He was simply testifying upon the issue of condonation as tendered by the defendant. The plaintiff is prohibited from testifying to anything against the defendant that tends to make a case or establish his cause of action against her. He cannot testify to any offense of the defendant, nor to any fact necessary for him to establish to make out an affirmative case. Section 831 of the Code does not prohibit the plaintiff from denying the alleged admission of condonation claimed to have been made to Mrs. Warner.

Defendant's motion to strike out plaintiff's evidence is denied. Interlocutory judgment ordered for plaintiff. Let findings be prepared.