(156 App. Div. 409.)

BIERS v. BIERS.

(Supreme Court, Appellate Division, Fourth Department.   April 30, 1913.)

WITNESSES (§ 60*)—COMPETENCY—TESTIMONY BY HUSBAND—DIVORCE ACTS.

Code Civ. Proc. § 831, provides that a husband or wife is not competent to testify against the other upon a trial of an action founded upon an allegation of adultery, except to prove the marriage or disprove the allegation of adultery.   General Rules of Practice, rule 72, provides that in an action for divorce for adultery, unless the complaint alleged that the adultery was committed without the consent of plaintiff, and plaintiff has not voluntarily cohabited with defendant since the discovery of the adultery, etc., judgment shall not be rendered for the relief demanded until plaintiff produces affidavit as to such fact.   Section 1757 provides that, where defendant is in default in a divorce action, plaintiff must establish that there is no decree against him in defendant's favor for a divorce on the ground of adultery.   *Held*, in a husband's action for divorce for adultery, that the husband was incompetent to testify that he never made admission, as testified by defendant's sister, that he had condoned his wife's adultery.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 167–173; Dec. Dig. § 60.*]

Appeal from Special Term, Erie County.

Action by William H. Biers against Annie B. Biers. From an interlocutory judgment of absolute divorce for plaintiff (74 Misc. Rep. 564, 132 N. Y. Supp. 509), defendant appeals. Reversed, and new trial granted.

The action was commenced to obtain an absolute divorce on the ground of adultery of the defendant. The defense was that the alleged adultery had not been committed by the defendant, and that, if committed at all, the plaintiff, after learning all the facts, had freely

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

forgiven and condoned the offenses, and a counterclaim setting up adultery on the part of the plaintiff.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

John T. Ryan, of Buffalo, for appellant.
Thomas E. Boyd, of Buffalo, for respondent.

McLENNAN, P. J. The trial court has found that the plaintiff was not guilty of the charges of adultery set up in the counterclaim, but that the defendant was guilty of adultery, which has not been forgiven or condoned by the plaintiff, and that it was committed without the connivance or procurement of the plaintiff. We think the evidence amply justified the findings of the court in reference to the guilt of the defendant and the innocence of the plaintiff as to the charges set up in the counterclaim. Upon the trial the defendant practically abandoned all defenses save those of forgiveness and condonation and the recriminatory charges set up in the counterclaim. A sister of the defendant was called, who testified as to certain conversations had with the plaintiff, in which he admitted to the witness that he had learned of the infidelity of the defendant and had forgiven and condoned the offenses. The plaintiff was allowed, over the objection and exception of the defendant, to testify that such alleged conversations never took place, and that he had never made the admissions alleged. The exceptions taken by the defendant to the admission of this testimony of the plaintiff himself present the only question which requires consideration on this appeal.

Section 831 of the Code of Civil Procedure provides:

"A husband or a wife is not competent to testify against the other upon the trial of an action, or the hearing upon the merits of a special proceeding founded upon an allegation of adultery, except to prove the marriage, or disprove·the allegation of adultery. * * *"

This section has been held to mean that the alleged guilty party is not limited to denying specifically the charges of adultery, but may testify to any fact or circumstance within his or her knowledge, competent and material on the question as to whether the act, as charged, was committed. Huntley v. Huntley, 73 Hun, 261, 26 N. Y. Supp. 266; Stevens v. Stevens, 54 Hun, 490, 8 N. Y. Supp. 47; O'Hara v. O'Hara, 136 App. Div. 378, 120 N. Y. Supp. 982. The effect of these decisions is that, in order to "disprove the allegation of adultery," the party charged may testify to facts tending to deny the charges made, or to prove that they were procured to be committed or connived at by the other party to the marriage, or that the offenses have been forgiven and condoned.

At common law the husband and wife were incompetent to testify for or against each other in actions of every kind. This general disability has been removed by statute. Chapter 887 of the Laws of 1867 provided:

"Section 1. In any trial or inquiry in any suit, action or proceeding in any court, or before any person having, by law or consent of parties, authority to examine witnesses or hear evidence, the husband or wife of any party thereto, .

or of any person in whose behalf any such suit, action or proceeding is brought, prosecuted, opposed or defended, shall, except as hereinafter stated, be competent and compellable to give evidence, the same as any other witness, on behalf of any party to such suit, action or proceeding.

"Sec. 2. Nothing herein contained shall render any husband or wife competent or compellable to give evidence for or against the other, in any criminal action or proceeding (except to prove the fact of marriage in case of bigamy), or in any action or proceeding instituted in consequence of adultery, or in any action or proceeding for divorce on account of adultery (except to prove the fact of marriage), or in any action or proceeding for or on account of criminal conversation."

Section 1 of that act is now contained in section 828 of the Code of Civil Procedure, unchanged as to meaning and substance. It will be seen that a part of the common-law rule was retained, in section 2 of chapter 887 of the Laws of 1867, and the statute remained in practically this condition, permitting the husband or wife, in an action for divorce founded on adultery, to testify only as to the fact of the marriage, until it was amended by chapter 103 of the Laws of 1887, when it was given its present form, as it now appears in section 831 of the Code of Civil Procedure.

It will thus be seen that the right to testify at all in such an action is statutory, and that the testimony which may be given in such an action by one party against the other is limited to the exceptions named in the section. The plaintiff in this case has been permitted to give his own evidence in support of his cause of action against the defendant as to matters concerning which he is forbidden to testify by the statute. However unjust or inequitable the words of the statute may seem to the ordinary mind, we are obliged to enforce the section according to its terms, and to hold that the admission of this evidence was such error as to require a reversal of the judgment.

Our attention has not been called to any case decided by the appellate courts of this state where this question was raised. We are referred to the case of Merrill v. Merrill, 41 App. Div. 347, 58 N. Y. Supp. 503, where the weight of the evidence of the plaintiff denying the acts of forgiveness and condonation was considered; but in that case no objection was made to the reception of the evidence. Like evidence was received in the case of Karger v. Karger, 19 Misc. Rep. 236, 44 N. Y. Supp. 219, and in Hennessey v. Hennessey, 58 How. Prac. 304; but it also appears to have been received without objection.

We think rule 72 of the General Rules of Practice and section 1757 of the Code of Civil Procedure are not in conflict with the rule we have stated. The meaning of the rule 72 has been stated by the Court of Appeals in McCarthy v. McCarthy, 143 N. Y. 235, 38 N. E. 288. The conclusion reached is stated in the headnote as follows:

"In an action by a wife for divorce on the ground of adultery, where the case is litigated, it is not incumbent upon the plaintiff to make affirmative proof of the allegations inserted in her complaint in compliance with the rules of the Supreme Court; i. e., that the adultery charged was 'without the consent, privity or procurement of the plaintiff,' and that the latter has not voluntarily cohabited with defendant since discovery of the fact. These are matters of affirmative defense. It is only to provide for a case of defendant suffering a default that these possible defenses are required to be negatived by plaintiff by verified complaint or affidavit."

Section 1757 provides that in cases where defendant is in default in a divorce action the plaintiff must establish by his own testimony or otherwise that there is no judgment or decree, in any court of the state of competent jurisdiction, against him in favor of the defendant for a divorce on the ground of adultery. This serves a like purpose with rule 72 of the General Rules of Practice, and is of no force as enlarging the right of either party to testify against the other in a contested action under section 831.

It is urged by the respondent that the provisions of section 831 are intended only to prohibit the husband or wife from testifying against the other upon the issue of adultery in an action for absolute divorce, and that if other issues are tendered by the defendant, such as connivance or condonation, either party may testify without restraint upon such issues. We are unable to agree with this contention. It is contrary to the plain reading of the statute, and the language of the section has been strictly applied by the courts in all cases, so far as we have been able to find. In Valentine v. Valentine, 87 App. Div. 156, 84 N. Y. Supp. 37, it was held error to allow the wife to testify against her husband concerning his property and income. In Dickinson v. Dickinson, 63 Hun, 516, 18 N. Y. Supp. 485, it was held error to permit the plaintiff to testify to the fact of her residence where jurisdictional facts were in issue. See, also, Finn v. Finn, 12 Hun, 339; Taylor v. Taylor, 123 App. Div. 220, 108 N. Y. Supp. 428; Colwell v. Colwell, 14 App. Div. 80, 43 N. Y. Supp. 439; Budd v. Budd, 55 App. Div. 113, 67 N. Y. Supp. 43.

If any hardship results to parties to an action for divorce by reason of the strictness of the rule governing the nature of the testimony which may be given by one party against the other, the remedy is to correct it by legislative enactment. The law as it now stands certainly imposes no greater hardship on the plaintiff than was imposed upon the defendant prior to the amendment of 1887, when it was not permissible to even deny the charges of adultery. The interlocutory judgment appealed from must be reversed, and a new trial granted, with costs to the appellant to abide event.

Interlocutory judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.