## PERWEILER v. PERWEILER.

(Supreme Court, Special Term, Kings County.   September 13, 1916.)

DIVORCE ☞79—SUMMONS—ORDER FOR PUBLICATION—AFFIDAVIT OF PLAINTIFF.
   As plaintiff in a divorce suit cannot personally serve the summons, and
   under Code Civ. Proc. § 831, cannot by his testimony give proof of juris-
   diction, the court cannot acquire jurisdiction, where the service of sum-
   mons is pursuant to an order of publication based solely on his affidavit,
   so that such order will not be made merely on such proof.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 258–263;  Dec.
   Dig. ☞79.]

Action by Nicholas Perweiler against Josephine Perweiler.   Plain-
tiff applies for an order of publication of summons.   Application denied.

Morris L. Strauss, of New York City, for the motion.

CROPSEY, J.   This is an application for an order of publication
of the summons in an action for divorce.   The order is sought on the
ground that the defendant is a nonresident of the state and cannot
be served within it.

The affidavit of Charlotta Pressnall is not sufficient.   It does not
state when she visited the defendant, or sufficient facts to show that
the defendant cannot be served within this state.   The only other
affidavit submitted is that of the plaintiff.   An order of publication
of the summons in an action for divorce cannot be made merely upon
the affidavit of the plaintiff.   This seems to be clear from the provi-
sions of the Civil Code, as well as upon principle and under the authori-
ties.   Section 425 of the Civil Code expressly provides that a sum-
mons cannot be served by the plaintiff; and it has been held that an
order of publication should therefore not be granted merely upon the
affidavit of the plaintiff.   Hall v. Hall, 10 N. Y. Supp. 223.

Furthermore, section 831 of the Civil Code provides that upon the
trial of such an action neither of the parties is competent to testify
against the other, except to prove the marriage or to disprove the
charge of adultery.   This section was amended last year by permitting
a party to the action to give certain testimony when certain defenses
are raised; but these provisions have no bearing on this question.
Under this section the courts have held that a party can testify only
to the matters there permitted.   So it has been held that a plaintiff can-
not testify to the fact of nonaccess of the defendant (Taylor v. Tay-
lor, 123 App. Div. 220, 108 N. Y. Supp. 428); nor as to defendant's
means (Valentine v. Valentine, 87 App. Div. 156, 84 N. Y. Supp. 37);
nor to facts showing the opportunity for the commission of the act
charged against the defendant (Budd v. Budd, 55 App. Div. 113, 67
N. Y. Supp. 43;  Colwell v. Colwell, 14 App. Div. 81, 43 N. Y. Supp.
439).

A party may, however, testify in favor of the other party as to
matters other than proof of the marriage and disproof of the adultery.
Section 831 merely prohibits a party from testifying against the other
party.   Bailey v. Bailey, 41 Hun, 424.   And it has been expressly
held that the jurisdictional fact of a party's residence cannot be es-

tablished by the testimony of the plaintiff. Dickinson v. Dickinson, 63 Hun, 516, 18 N. Y. Supp. 485.

As a plaintiff in a divorce action cannot personally serve the summons, and as the proof of jurisdiction cannot be given by him, it would seem to follow logically that the court cannot acquire jurisdiction of the case where the service of the summons is pursuant to an order of publication, if such order is based solely upon the affidavit of the plaintiff. For that reason the order of publication should not be made merely upon such proof.

Although plaintiff's affidavit cannot be used as the basis for acquiring jurisdiction, it may be that it can properly be received by the court upon motions arising incidentally in the action. Nichols' New York Practice, § 531; Kirby v. Kirby, 1 Paige, 261; Gregory v. Gregory, 33 N. Y. Super. Ct. 1, 32.

Additional proof should be submitted of the defendant's nonresidence and absence from the state at the present time.