ELIZABETH M. ROSENWASSER, Plaintiff, *v.* PHILIP ROSEN-
WASSER, Defendant.

(Supreme Court, Kings Special Term for Motions, January, 1920.)

Divorce — witness — when husband may prove by his wife any
fact to support his defense of collusion.

> Where the husband is the defendant in an action for divorce
> he may prove by the plaintiff any fact tending to support his
> defense of collusion.

ACTION for divorce.

Elliott, Jones & Fanning (Edward J. Fanning, of
counsel), for plaintiff.

Prince & Nathan (Sydney J. Loeb, of counsel), for
defendant.

CROPSEY, J. Section 831 of the Code of Civil
Procedure which provides that: "A husband or
wife is not competent to testify against the other
upon the trial of an action, or the hearing upon
the merits of a special proceeding founded upon
an allegation of adultery, except to prove the mar-
riage, or disprove the allegation of adultery," has
been strictly construed by some courts. It has
been held under this that the plaintiff could not testify
to the fact of her residence in order to establish juris-
diction. *Dickinson* v. *Dickinson,* 63 Hun, 516. And it
has been intimated, though not held, that a wife could
not testify against her husband concerning his prop-
erty and income. *Valentine* v. *Valentine,* 87 App. Div.
156. It has also been held that where testimony was

introduced of admissions alleged to have been made by the plaintiff showing condonation the plaintiff could not deny having made those statements. *Biers* v. *Biers,* 156 App. Div. 409. The decision in this last mentioned case was overcome by an amendment to section 831, made in 1915, which covered such a situation. If these cases and others similar to them correctly construe this section, a defendant, in an action for divorce, could not be a witness in his own behalf to deny the fact of his marriage to the plaintiff. For if the section is to be given the narrow construction claimed, the only testimony that can be given by either the wife or the husband is " to *prove* the marriage or disprove the allegation of adultery."

But, notwithstanding these decisions, I do not believe the statute should be so construed. Its intent was not to produce any such result. And there are decisions holding that the section should not be given a construction which produces such absurdities. The right of a defendant to testify to acts of the plaintiff showing collusion has been upheld. *Huntley* v. *Huntley,* 73 Hun, 261; *O'Hara* v. *O'Hara,* 136 App. Div. 378. Under the principle of these cases, it must follow that a plaintiff, in such a case, could deny the acts of collusion even before the 1915 amendment.

The defendant obtained an order to examine the plaintiff solely as to his defense of connivance. Plaintiff seeks to vacate this order, claiming she is incompetent to testify. The burden of proving this defense is upon the defendant. *McCarthy* v. *McCarthy,* 143 N. Y. 235; *Merrill* v. *Merrill,* 41 App. Div. 347. In support of this defense, any statement or admission by the plaintiff could be proved. And no reason is shown why the same proof might not be made by her own testimony. The defendant has the right to call her as his witness and to prove any fact by her in support

of his defense of collusion. She would not then be testifying " against " the defendant. The situation is similar to the one that would be created if the plaintiff called the defendant to prove her residence or to admit the adultery charged. Of course, such proof given by a defendant might not be sufficient to satisfy the court, or the defendant might refuse to testify as to the adultery on the ground of incrimination, but it seems plain that the proof otherwise would be admissible.

Moreover, the statute does not bar either party from testifying to the prohibited matters. It merely provides that neither is " competent " to testify against the other. If, notwithstanding this provision, testimony is given by one of the parties without objection it may be considered and a judgment granted thereon need not be reversed. *Valentine* v. *Valentine,* 87 App. Div. 156. The objection to the prohibited testimony must be made by the party against whom it is given. It cannot be raised by the party giving it. But of course the Court may exclude it. Here the defendant seeks to examine the plaintiff in support of his accusation of collusion made against her. There is no reason why this should not be permitted. *Oshinsky* v. *Gumberg,* 188 App. Div. 23; *Meredith* v. *Dodd,* 160 id. 917; *Zeitz* v. *Cook,* 157 id. 940; *Poole* v. *Means,* 144 id. 155. The motion is denied.

Motion denied.