CLESTA K. JENNINGS, Plaintiff, *v.* WILLIAM W. JENNINGS, Defendant.

Supreme Court, Special Term, Steuben County, December 20, 1948.

*W. Earle Costello* for plaintiff.

*Domenick L. Gabrielli* for defendant.

WHEELER, J. The parties were married in Pennsylvania in 1906, and have resided there the greater share of the years since the marriage. In June, 1943, the defendant obtained a decree of divorce in the State of Nevada without any personal service upon, or appearance by this plaintiff. After returning to Pennsylvania for some time the defendant in June, 1945, moved

to this State, where he remarried and still resides. The plaintiff continued to live, at least until July or August of 1948, in Pennsylvania, though she alleges in her complaint in this action for divorce that she is now a resident of New York State.

The plaintiff must prove the allegations of her complaint. One of the allegations of that complaint is that she " was a resident of the State of New York at the time of the commencement of this action." It is the opinion of this court that the proof does not sustain the allegation and, as her right to maintain this action depends upon her residence in this State, her demand for relief must be denied.

It is obvious that the courts of this State cannot be available to any and all aggrieved spouses. The Legislature has, therefore, established certain jurisdictional requirements which must be met before the court may hear the plaintiff's complaint. This plaintiff's status in the courts of this State is entirely dependant upon her residence here, which would bring her within the provisions of subdivision 4 of section 1147 of the Civil Practice Act.

Upon the trial the plaintiff only identified herself and testified to the fact of marriage, her offered testimony regarding her residence being subjected to vigorous objection by the defendant. The objection was sustained upon the ground that the plaintiff was not competent to testify as to this issue under the provisions of section 349 of the Civil Practice Act. (*Dickinson* v. *Dickinson,* 63 Hun 516.) Plaintiff then sought to read in evidence the deposition of the plaintiff taken by the defendant before trial. Over the objection of the defendant, the court, pursuant to section 303 of the Civil Practice Act, allowed the plaintiff to read the deposition in evidence, reserving decision on defendant's motion to strike out the deposition as incompetent under section 349 of the Civil Practice Act.

The motion to strike should have been granted. (*Dickinson* v. *Dickinson, supra.*) Though the deposition might be read by either party, even the party at whose instance the deposition was taken may object, on the grounds of incompetency, to the deposition being read in evidence by the other party, for when the adverse party offers to read the deposition he thereby makes the deposition his own and part of his evidence. (Civ. Prac. Act, § 305; *Percy* v. *Huyck,* 226 App. Div. 142; 4 Carmody on New York Pleading and Practice, § 1264.

In passing it might be observed that were the motion to strike denied and plaintiff's deposition read in evidence without objection, it would be of little or no aid to the plaintiff, e.g., plaintiff's

deposition indicates that she established her residence in this State at the New York City apartment of her brother, Robert Kizer, and had been continuously residing there since November, 1947, yet the testimony of her erstwhile host indicates she must have resided there for quite some time before he became aware of the fact, as he has testified that her residence in his apartment did not start until July, 1948.

Plaintiff has cited the case of *Dean* v. *Dean* (213 App. Div. 360, affd. 241 N. Y. 240) and urges it as precedent in the case at hand. It should suffice to point out that in the *Dean* case the trial court made a finding of fact that the plaintiff there was a resident of New York State and the opinions of each of the courts to which the case was appealed specifically reiterate the same finding. This court cannot conscientiously find such fact in the instant case. In addition thereto, it should be remembered that the *Dean* case (*supra*) preceded *Williams* v. *North Carolina* (325 U. S. 226) and in view of the *Williams* case (*supra*) any presumptions which might have arisen in favor of the '' wronged '' wife can no longer be considered. As the Nevada decree is presumptively valid until proven otherwise, this plaintiff cannot avail herself of any presumption that the residence of her '' husband '' is her residence as she is, until she proves otherwise, no longer his' wife.

The plaintiff has also pressed for a ruling upon the admission of facts demanded by plaintiff pursuant to section 322 of the Civil Practice Act. In view of the defendant's failure to answer the demand, it is apparent that the facts set forth in the demand must be deemed admitted. However, the court finds it unnecessary to take the next logical step — to determine from these facts the validity of the foreign judgment. Though the Nevada decree apparently has all the characteristics of the type of decree which has been consistently and thoroughly condemned by our courts, the plaintiff in this case is in no position to challenge that decree.

After hearing the proof, the conclusion is inescapable that this plaintiff's residence in the State of New York is no less spurious than that alleged by the defendant in obtaining the decree she seeks to attack.

For the reasons herein stated, the plaintiff's complaint must be dismissed, without costs.

Judgment may enter accordingly.