---

## CROSS vs. CROSS.

In a suit commenced in chancery by the husband for a divorce upon the ground of adultery, the court has power to decide upon the legitimacy of the children begotten and born after the commission of the adultery charged in the bill.

The legitimacy of a child begotten before the commencement of the suit for a divorce, must be presumed until the contrary is shown ; and such presumption can only be rebutted by the most conclusive evidence that the husband was not the father of the child.

Sexual intercourse will be presumed where personal access is not disproved, unless such presumption is rebutted by satisfactory evidence to the contrary.

Where sexual intercourse is either proved or presumed, the husband must be deemed the father of the child, unless it was either physically or naturally impossible that such intercourse should have produced such child.

Although actual adultery with other persons is established at or about the commencement of the usual period of gestation, yet if access by the husband has taken place, so that by the laws of nature he may be the father of the child, it must be presumed to be his, and not the child of the adulterer.

The admissions of the wife of the non-access of her husband will not be received as evidence to bastardize her issue.

THE complainant filed his bill in this case to obtain a divorce, on the ground of adultery, and to obtain a decree declaring a child of the defendant illegitimate, born after the commission of the offence charged in the bill. The bill was taken as confessed against the defendant, and was set down for hearing on the master's report of the testimony, as to the facts and circumstances charged in the bill.

*J. Powers*, for the complainant.

THE CHANCELLOR. The fact of the adultery, as charged in the bill, is sufficiently proved, and the complainant is entitled to the usual decree dissolving the marriage contract, so far as it is binding on him. The only question is as to the le-

February 21.

gitimacy of the child born in the fall of 1831. The revised statutes have authorized the court in cases of this kind to decide upon the legitimacy of the children born and begotten after the commission of the offence charged in the bill. (2 *R. S.* 145.) But as these questions are to be decided upon the proofs taken in the suit between the husband and wife, it becomes the duty of the court to examine those proofs with the most rigid scrutiny, in order to prevent the rights of innocent children from being sacrificed by the misconduct or negligence of their parents. The statute has very properly declared that *the legitimacy of all children begotten* before the commencement of the suit for a divorce, shall be presumed until the contrary is shown. And such presumption can only be rebutted by the most satisfactory and convincing proof that the husband was not the father of the child. The ancient rule, that the husband must be presumed to be the father, if he was within the four seas during any part of the usual period of gestation, has been long since exploded ; and, as Justice Gross says, "*on account of its absolute nonsense.*" *But* the modern rule, which is marked out by its good sense is, that to bastardize the issue of a married woman, it must be shown beyond all reasonable doubt that there was no such access as could have enabled the husband to be the father of the child. The rules of law, as laid down by the judges on the questions propounded to them by the house of lords, in the *Banbury Peerage case,* (1 *Sim. & Stu. Rep.* 153,) are substantially these : Sexual intercourse is to be presumed where personal access is not disproved, unless such presumption is rebutted by satisfactory evidence to the contrary ; and where sexual intercourse is presumed or proved, the husband must be taken to be the father of the child, unless there was a physical or natural impossibility that such intercourse should have produced such child. (*See The King* v. *Luffe,* 8 *East's Rep.* 193 ; *Head* v. *Head,* 1 *Sim. & Stu. Rep.* 150 ; *Turner & Russ. Rep.* 138, *S. C. on appeal.*) Although actual adultery with other persons is established, at or about the commencement of the usual period of gestation ; yet, if access by the husband has taken place, so that by the laws of nature he may be the father of the child, it must be presumed to be his, and not the child of the adulterer. But

1832.

Cross
v.
Cross.

even that presumption may be repelled, where, according to the course of nature, the husband could not be the father of such a child ; as in *Will Whisterlo's case*, where it was attempted to charge a black man as the father of a white child born of a mulatto woman. These rigid rules in relation to questions of legitimacy, are necessary to be adhered to for the protection of the rights of those who are attempted to be bastardized, without any fault on their part, and to preserve the peace of families. And it is particularly important that they should be strictly enforced under this statute, where, in almost every case, the child whose legitimacy is brought in question is of a very tender age, and wholly incapable of defending its rights.

These considerations have induced me to look into the proofs in this case with the utmost care. And in deciding thereon, I lay entirely out of question the declarations of the mother that the complainant was not the father of this child. Her admissions as to her own guilt and misconduct may be admitted, in connection with other satisfactory proof, to establish the fact of adultery. But they cannot be received to establish the fact of non-access by the husband at or about the period of conception, and thus to bastardize her issue. Independent of that testimony, however, I think there is satisfactory evidence here that the complainant could not have been the father of this child. The wife had become perfectly abandoned and worthless, and had separated from her husband more than three years before the birth of the child. It appears from the testimony of the complainant's mother, who lived in the house with him during all that time, that the defendant never called at the house more than two or three times after the separation, and then only for a few minutes in the day time, when the witness was present ; that for 18 months before the birth of the child, the defendant had lived in another town, and had not even been to the complainant's house to visit her children during that time ; and that the husband had entirely broken off all intercourse with her from the time of their first separation. It also satisfactorily appears that the defendant had sexual intercourse with several persons after her separation from her husband, and with two of them about nine months previous to the birth of the child ; and with the one who is supposed to be the father, repeatedly.

The decree must therefore declare that the complainant is not the father of the child, of which the defendant was delivered in the fall of 1831, in the bill in this cause mentioned ; but that the said child is illegitimate and a bastard.