AARON PHILLIPS *vs.* SARAH G. ALLEN.

The presumption of the legitimacy of the child of a married woman can only be rebutted by evidence which proves beyond all reasonable doubt that her husband could not have been the father.

A child born in eight months after marriage will be presumed to be legitimate, although, when born, it has all the physical appearances of a full grown and natural child; and proof of a statement by the mother that she had no connection with her husband before marriage, and that her reputation for chastity was bad at the time of her marriage, and that for some months previously thereto she had been intimate with other men, if competent, is insufficient to rebut this presumption.

BILL OF REVIVOR by the father and sole heir of Sarah D. Allen, the plaintiff in the original bill, who died January 1st 1861.

From the original and present bill, answers, and facts agreed, t appeared that Robert Allen, deceased, by his will, devised to the defendant, who was his wife, the rents, profits, income and improvement of certain real estate, during the time she should remain his widow, and the remainder, upon her decease or marriage, to George Fox Allen, in trust, to permit Alvin Allen to have and receive the rents, profits and improvement thereof during his natural life, and at his decease to convey the same to the lawful issue that he might have born to him after the date of the will; with a further provision, in case he should die without such issue. Alvin Allen married Sarah, the original plaintiff, on the 27th of March 1859, and died on the 10th of July following; and she had a child born on the 26th of November 1859, which lived only a few hours.

The plaintiff, while insisting that the facts could be disproved, admitted, for the purpose of the argument only, if evidence to prove the same would be competent, that Alvin Allen first

became acquainted with his wife on the 15th day of March 1859; that she had stated that she had no connection with him before marriage; that her reputation for chastity was bad at the time of her marriage; that for some months previously thereto she had been intimate with other men; and that the child, when born, had all the physical appearances of a full grown and natural child.

*G. F. Hoar,* for the plaintiff, cited 1 Bl. Com. 446; 2 Kent Com. (6th ed.) 212, note *b;* 4 Ib. 257; *Patterson* v. *Gaines,* 6 How. (U. S.) 550, 589; *Van Aernam* v. *Van Aernam,* 1 Barb. Ch. 375; *Cross* v. *Cross,* 3 Paige, 139; *Hemmenway* v. *Towner,* 1 Allen, 209; Co. Litt. 123, b., Hargrave's note; Runnington on Ejectment, 383; 2 Selw. N. P. (11th ed.) 758 *& seq.;* Rev. Sts. *c.* 61, § 13.

*P. C. Bacon,* for the defendant, cited 2 Greenl. Ev. § 150; 1 Phil. Ev. (4th Amer. ed. with Cowen & Hill's notes,) 630; 1 Beck's Med. Jurisp. (11th ed.) 592. [See also *Page* v. *Dennison,* 1 Grant, (Penn.) 377.]

METCALF, J. The legal presumption always is, that a child born in lawful wedlock is legitimate. But this presumption may be rebutted by proof that the husband had no access to the wife during the time when, by the course of nature, he could be the father of the child. In the present case, the question is, whether the legal presumption is rebutted and overcome by such of the agreed facts as are admissible in evidence, and the inferences which a jury might draw from those facts. And the court are of opinion that a jury would not be warranted in finding, on those facts, that Sarah D. Allen's child was illegitimate. They could not legally find against the legitimacy, except on facts which prove, beyond all reasonable doubt, that the husband could not have been the father. *Stegall* v. *Stegall,* 2 Brock. 269. *Cross* v. *Cross,* 3 Paige, 139. *Wright* v. *Hicks,* 12 Georgia, 155. *Head* v. *Head,* 1 Sim. & Stu. 150, and Turn. & Russ. 138. *Morris* v. *Davies,* 5 Clark & Fin. 215, 216. Such, we think, is the true rule of evidence, in cases of this nature, although there are cases in which it has been held that the proof must be such as to show an impossibility that the husband could be the father,

in order to overcome the legal presumption that he was. *The King* v. *Luffe*, 8 East, 207. *Bowles* v. *Bingham*, 2 Munf. 442. *Patterson* v. *Gaines*, 6 How. (U. S.) 5ঌ9.

The plaintiff's counsel denies that the statement of the mother, mentioned in the agreed facts, is admissible in evidence, because it is a rule of law that a mother cannot, by her admissions or testimony, bastardize her issue. We need not decide whether this rule is applicable to a case in which she claims as heir of her child; for we are of opinion that her statement, if taken as evidence, does not weaken the legal presumption of her child's legitimacy. It merely subtracts twelve days from the time which would otherwise be presumed to be the true time of her gestation.

The child was born in eight months after the marriage. And the fact that a child is born thus soon after the husband first had access to the wife does not prove beyond all reasonable doubt that the child is not his. There are ancient decisions that gestation somewhat more than nine months after the husband could have had access to the wife does not disprove the legitimacy of the child. See Hargrave's notes to Co. Litt. 123 *b*, where these decisions are cited, and where, in support of them, the testimony of Doctor Hunter is introduced, expressing his opinion that gestation often varies, from one to three weeks, from nine calendar months, and that children are sometimes born in seven months from conception, and live and grow to manhood. And we have no doubt that the law and the legal presumption are the same, where the birth of the child is, as it was in this case, less than nine months after the first access to the wife by the husband. Such is the accepted belief of mankind generally, as well as of medical practitioners and writers; a belief derived from common experience of the operations of nature, and the accredited statements of those who have no motive to swerve from the truth. Such a general belief, derived from such sources, no jury is at liberty to disregard.

The agreed fact that the child, when born, appeared to be full grown, does not convince us, beyond all reasonable doubt, that the husband was not the father. We cannot, nor could a jury,

without any evidence from medical experts, or from other legal sources, undertake to decide that such a child may not appear to be full grown. What its appearance would be is not, so far as we are aware, matter of common knowledge or common belief, on which a jury might lawfully act.

The counsel for the defendant, in support of the defence, referred us to Beck's Medical Jurisprudence. That is a work of high reputation, but we cannot regard its statements as evidence. If we could, we might refer to page 599 of the first volume, (11th ed.) where he says that eight months' children sometimes are larger and healthier than others of nine months.

The bad reputation of a mother before and at the time of her marriage cannot affect the presumption of law that her husband, who has access to her, is the father of her child born after marriage, and within the time when, by the course of nature, it may also have been conceived after the marriage.

*Decree for the plaintiff.*