### SIGEL v. SIGEL.

*(Superior Court of New York City, Equity Term.   July 1, 1892.)*

DIVORCE—ADULTERY—EVIDENCE—CONFESSIONS.

In a suit for divorce, it being clear from defendant's resistance of the suit that there is no collusion, his confessions of adultery, made at different times to different individuals, under circumstances leaving no doubt of their truth, and which he does not deny, though made a competent witness in his own behalf for such purpose by Code Civil Proc. § 831, will authorize a divorce.

Suit by Mary G. Sigel against Rudolph F. Sigel for divorce.  Decree for plaintiff.

For former report, see 19 N. Y. Supp. 906.

C. J. Kracht, for plaintiff.   R. N. Waite, for defendant.

McADAM, J.  The suit was plainly adverse in its character, and seriously resisted,—circumstances which repel all idea of collusion, (*Vance* v. *Vance*, 8 Greenl. 132; *Baker* v. *Baker*, 13 Cal. 87;) and still the defendant's counsel insists that the confessions of adultery made by the defendant are insufficient to warrant a decree dissolving the marriage.   Courts have, in many cases, refused to grant divorces on such evidence, upon the ground that it was practically a divorce by consent; that it opened the door to collusion between the parties and imposition on the court.   While such evidence is to be viewed with suspicion and acted upon with caution, it will not do to assume that all defendants are liars and frauds, particularly where there is no motive at the time to be otherwise than truthful.   Where the confessions are perfectly free from taint of collusion, confirmed by circumstances and the conduct of the accused, the evidence is sufficient.   Shel. Mar. & Div. 411.   The true rule may be gathered from the following cases:  In *Lyon* v. *Lyon*, 62 Barb. 142, it is said: "The foundation of the rule which forbids the granting a decree of divorce on the unsupported confession of a party is the fear of collusion and imposition on the court.   When, however, the reason of the rule fails, the rule itself ceases.   Hence, when the confessions are made under circumstances which entirely preclude suspicion of collusion or imposition, the confession will be received, and a decree granted thereon without other evidence."  In *Billings* v. *Billings*, 11 Pick. 461, there was no other evidence but a letter written by the husband, who had been living for 14 years in another state, to his wife, which stated that he had lived with another woman, by whom he had children, but expressing penitence, and a desire to be reconciled to his wife.   The court held that the circumstances repelled collusion, and granted the decree on the confession of the letter alone.   In *Madge* v. *Madge*, 42 Hun, 524, the court, (general term, first department,) per DAVIS, P. J., said: "In actions for divorce on the ground of adultery, the confessions of the defendant are always admissible in evidence; but, to avoid the danger of collusion, the court, before granting the decree, will require such corroboration of the confessions as to remove all just suspicions of collusion.   When that is satisfactorily done, the confessions become a sufficient basis for a judgment of divorce.   In this case the competency of the confessions is undoubted.   The circumstances under which they were made tended strongly to remove all suspicion of collusion.  *  *  *  There is in the case before us undoubted

proof that the confessions were made, that they were clear and distinct, and that they were sincere, and not collusive." In *Matchin* v. *Matchin*, 6 Pa. St. 332, the court, per GIBSON, C. J., said: "It is a rule of policy, however, not to found a sentence of divorce on confession alone. Yet, where it is full, confidential, reluctant, free from suspicion of collusion, and corroborated by circumstances, it is ranked with the safest proof." The admissions were made at various times, to different individuals, and under circumstances which leave no doubt of their truth. They are confirmed by acts, and, all combined, carry conviction to the judicial mind. Evidence that induces belief and carries conviction must control. No other can. Since the amendment to section 831 of the Code, a husband or wife charged with adultery is a competent witness to disprove the allegation. The court called the defendant to the stand, and, referring to the charges made against him, offered to permit him to avail himself of the privilege of denying the accusations, or offering any explanation concerning them he chose to make. He declined to avail himself of the privilege, and thus the court was deprived of all benefit which his testimony might have afforded. It was not a criminal proceeding, but a civil action, and the Code amendment merely removed a prohibition formerly existing, which the legislature, in furtherance of justice, did not deem it wise to continue. In criminal prosecutions, the fact that the prisoner does not avail himself of the law allowing him to testify on his own behalf is not to militate against him. Indeed, the Code of Criminal Procedure (section 393) expressly provides that "the prisoner's neglect or refusal to testify does not create any presumption against him." There is no such qualifying clause in the provision applicable to actions for divorce, (Code Civil Proc. § 831,) and there is no logical reason why a defendant's refusal to vindicate himself against a charge, in reference to which he is peculiarly qualified to speak, should not have its proper weight. Tayl. Ev. § 737; *Smith* v. *Gunn*, 12 N. Y. Supp. 808; *Gibson* v. *Bank*, 98 N. Y. 95. Of course, all these things must be carefully watched and guarded, to detect and prevent collusion or simulated conduct on the part of suitors; but where it is clear that the proceeding is hostile, the admissions true, the conduct of the parties real, it seems proper to give that weight to the testimony offered which would be given to it in other civil actions. There is little trouble discriminating between admissions made to permit a divorce and those made with no such sinister object in view. Words are sometimes powerful things, and admissions against interest have always been regarded as a species of evidence on which courts may safely rely and act. Greenl. Ev. § 169. Such evidence must be accepted, and accorded whatever weight its inherent probability, as confirmed by the circumstances, requires. As was said in *Baker* v. *Baker*, 13 Cal. at page 94: "The public can have no interest in suppressing the truth; and, as a means of its ascertainment, the confessions of parties against their interests have always been regarded as evidence of the most important character." The law must protect the innocent and punish the guilty, and where the proof makes out a case which satisfies the conscience, and carries conviction to the legal mind, it would be monstrous for the court to hold that, while the evidence sufficiently proves the fact alleged to its satisfaction, it must find the other way. If the trial had been before a jury, the court could not have withheld the question of the defendant's guilt from them; and if, after such submission, the jury had, on the same evidence, found for the plaintiff, a court would hesitate long before setting their verdict aside. In this case the court must determine the facts as a jury would have done, and its finding thereon is equally conclusive. There being no collusion, there is no question of public policy concerned, other than that which enters into every divorce case. The charge has been proved, and it is the plain duty of the court to redress the wrong in the manner pointed out by law. The plaintiff is entitled to the usual decree in such cases, with a permanent continuation of the alimony awarded.