(29 Misc. Rep. 670.)

## FOWLER v. FOWLER.

(Supreme Court, Special Term, New York County.   December 5, 1899.)

DIVORCE—ADULTERY—EVIDENCE.

The fact that a wife had not seen her husband for 10 years, and that a third person had met the husband with another woman, whom he supposed was his wife, and who undertook to delay payment of goods that had been sold to the husband, is insufficient evidence to corroborate the confession of the husband that he was living with another woman as his wife, where the circumstances as to the confession are not clearly shown, so as to justify a decree for divorce on the ground of adultery.

Action by Belle Willis Fowler against George Fowler. Restored on calendar.

Wm. A. Sweetser, for plaintiff.

GILDERSLEEVE, J.   This is an action for an absolute divorce, instituted by the wife. The husband has not appeared in the action, and has suffered his default to be taken. The summons was served without a copy of the complaint. The only proof of service is an affidavit of one Fernando Wood, who swears that he served the "foregoing" summons on July 14, 1899, on defendant, at 2070 Seventh avenue, in this city. Rule 18 of the general rules of practice requires the affidavit of service in actions for divorce to state, in addition to the ordinary requirements, what knowledge the affiant had of the person served being the defendant, and the proper person to be served, and how he acquired such knowledge; and the rule also provides that the court may require the affiant to appear in court, and be examined in respect thereto. Wood was not called as a witness, for the reason that he is a traveling man, and plaintiff's attorney was unable to procure his attendance at

the trial. In his affidavit of service, Wood swears that he had known the defendant for about a year, and that defendant admitted that he was the husband of the plaintiff herein. He does not swear that the summons so served had the words "Action for a Divorce" written thereon, as required by section 1774 of the Code, where the summons is personally served within the state, but without a copy of the complaint. He does, however, swear, as we have seen, that he served the "foregoing summons," and prefixed and attached to the said affidavit of service is a copy of the summons, with the words required by the statute written thereon. While the proof of service is not altogether satisfactory, still I might not deem it my duty to refuse the decree of divorce were it not for the fact that the evidence of adultery is entirely insufficient. The plaintiff swears that she has not seen her husband for 10 years, and learned of his adultery about 3 years ago. A photograph of the defendant, taken 14 years ago, is introduced in evidence. One Higgins swears that he sold goods to the defendant and called several times to collect his money at 165th street and Mott avenue, where he met a woman, not the plaintiff, whom he supposed to be defendant's wife, and who kept putting him off with respect to payment for the goods sold to defendant. The date of such sale and said visits is not given. One Clarkson testifies that the original of the photograph put in evidence was introduced to him as Mr. Fowler; that he had a conversation with said Fowler some time last summer, when said Fowler admitted to the witness that he was living with a woman as his wife, to whom he was not married. The plaintiff's attorney, Mr. William A. Sweetser, then takes the stand, and testifies that he wrote to the defendant, inviting him to call at his office; that he did call, and had a conversation, in which he told Mr. Sweetser that a reconciliation with his wife was not possible. The stenographer's minutes seem to be incomplete; for, while Mr. Sweetser does not state that defendant told him that he was living with a woman, he nevertheless testifies as follows, viz.: "I said, 'Is there any doubt about that? [About what does not appear.] Who is the woman?' He said, 'The only thing I tell you about it is that I don't wish to disclose the woman's name; her first name is Carrie.'" The inference is that Mr. Sweetser meant to testify that the defendant told him that he was living in adultery with the said Carrie, but the stenographer's minutes do not so state. A written statement, signed "George Fowler," is also handed up, containing a confession of adultery with various women. This statement, however, was not put in evidence, nor was the signature shown to be that of defendant. The statement is dated July 12, 1899. As the evidence now stands, the adultery, at best, is shown only by defendant's confessions. The rule is that, in actions for divorce on the ground of adultery, the confessions of the defendant are always admissible in evidence; but, to avoid the danger of collusion, the court, before granting the decree, will require such corroboration of the confessions, or other proofs, as will remove all just suspicions of collusion. When that is satisfactorily done, the confessions become a sufficient basis for a judg-

ment for divorce.  See Madge v. Madge, 42 Hun, 525.  The confession of adultery, when perfectly free from all taint of collusion, and when confirmed by circumstances and conduct, ranks among the best species of evidence.  See Shelf. Mar. & Div. p. 411.  In the case of Lyon v. Lyon, 62 Barb. 138, it was held that:

"The confessions are not alone sufficient to establish the charge of adultery. A sentence of divorce will not be given upon the sole confessions of the party. The foundation of the rule which forbids the granting of a decree of divorce on the unsupported confessions of a party is the fear of collusion and imposition on the court.  When, however, the reason of the rule fails, the rule itself ceases.  Hence, when the confessions are made under circumstances which entirely preclude suspicion of collusion or imposition, the confessions will be received, and a decree granted thereon, without other evidence."

In the case of Bailey v. Bailey, 41 Hun, 424, it was held that a husband may testify for, but not against, his wife in an action for divorce.  Code, § 831.  In the case at bar, as we have said, the wife swears that she has not seen her husband for 10 years.  While there is nothing to indicate that Clarkson, to whom the defendant made his confession of adultery, was acting as the agent of plaintiff, and procured the confession in collusion with the defendant, still the testimony on this point is meager, and I think it would be proper to require Clarkson to explain more fully the circumstances under which the confession was made.  The evidence of Higgins, who testified to selling the goods to defendant, and meeting a woman, other than the plaintiff, whom he supposed to be defendant's wife, is too vague and indefinite to serve as a satisfactory corroboration of defendant's confessions.  I think the trial should be adjourned, and another opportunity given to the plaintiff to supply the deficiencies in the evidence as it now stands.  If the written confession is properly put in evidence, and shown to be without taint of collusion, it will greatly strengthen the insufficient proofs now presented.

An order may be entered restoring the case to the calendar, and setting it down for trial on the second Wednesday of December, 1899.