(44 Misc. Rep. 591.)

### DIEDERICHS v. DIEDERICHS.

(Supreme Court, Special Term, New York County. August, 1904.)

1. DIVORCE—ADULTERY—CONFESSION.

On an application for divorce for adultery, where the evidence is the confession of the defendant, the circumstances attending it must be shown to be of such a character that no suspicion of collusion can arise, and it should be corroborated when possible.

2. SAME—DEFAULT—EVIDENCE.

In an action for divorce, the only evidence as to default was derived from the mere inspection of the register of plaintiff's former attorney of record. *Held* insufficient to entitle plaintiff to judgment.

¶ 1. See Divorce, vol. 17, Cent. Dig. §§ 399–401.

Action by Frederic Diederichs against Hannah M. Diederichs for divorce. Judgment for defendant.

Charles S. Sinsheimer, for plaintiff.

GILDERSLEEVE, J. This is an undefended action for an absolute divorce brought by the husband. The testimony is meager and incomplete. The plaintiff himself was not called as a witness, and there is none of the formal proof usually required of a plaintiff in these actions, beyond the allegations of the verified complaint. One Alfredo U. Giallorenzi swears that he is "the attorney in fact" for the plaintiff, and holds a power of attorney from him; and the plaintiff's present attorney of record in this action, Mr. C. S. Sinsheimer, offers in evidence a cablegram from plaintiff to said Giallorenzi dated July 8th, and worded as follows: "Proceed at once. Defendant 674 East 152, preparing departure. Money sent"—which cablegram is offered in support of said Giallorenzi's claim of authority to act for plaintiff, and as evidence of the latter's desire to prosecute this action. Mr. Sinsheimer also offers in evidence a typewritten copy of a "statement and confession" made by Hannah Miller Diederichs on December 17, 1902, before Albert W. Swalm, American consul at Montevideo, South America. In this "statement" the said Hannah Miller Diederichs confesses various acts of adultery with one Edvardo Casaravilla during October and November, 1902, at Montevideo. The said "statement" is not verified, but attached thereto is a certificate of the said consul, certifying the genuineness of the signature, "Hannah Miller Diederichs," written on the margin of the said certificate, and also stating that the attached document is a true copy of a "statement or confession" of said Hannah Miller Diederichs, "as taken by the undersigned [consul] on December 17, 1902." The only witness called at the trial is the said Giallorenzi, who states that he first met Mrs. Diederichs on August 20, 1903, when she called at his office at No. 61 Park Row, in this city, in response to a letter which he had sent to her at No. 674 East 152d street. The witness had previously received the cablegram from plaintiff, above mentioned, and had visited No. 674 East 152d street, but had been unable to find Mrs. Diederichs there. He thereupon wrote to her at that address, asking an interview, and she, a short time thereafter, called upon him, as above stated. He says he had never seen her before, and that he then had an hour and a half conversation with her, in which she admitted her signature on the consul's certificate; also identified the marriage certificate and a photograph, which she said was that of Casaravilla, the co-respondent in this action. The witness is then asked: "Q. What did she say to you with respect to the affidavit that she made? A. She told me that it was all true, and that she had made that affidavit of her own free will before Colonel Swalm." The witness here refers, presumably, to the statement of Hannah Miller Diederichs made before the American consul on December 17, 1902, at Montevideo. The witness, at this interview, served a copy of the summons and complaint on his said visitor, who then stated that "she did not care to fight the case, but would take the papers and go." The lady so served with process does not appear to have been in any way identified as the wife of plaintiff, except by her own admissions to

the witness Giallorenzi, to whom she was a perfect stranger. Gialloren-zi goes on to state that she made him a subsequent visit, and asked him to write to the plaintiff and try to effect a reconciliation; that he did so write; and that plaintiff replied that he would have nothing to do with his wife; and wanted to proceed with the action. Upon receipt of this letter, Giallorenzi sent for her, and showed her plaintiff's answer. Again the witness saw her, he says, shortly before the trial, at No. 327 West Twentieth street, where she lived under the name of Mrs. Grover, when he told her the case was about to be reached for trial, to which she replied that she did "not care to appear or do anything." Nowhere, as I have said, is there any evidence that this woman, known as Mrs. Grover, is the defendant, other than her statements to Giallorenzi, as above set forth.

The only testimony as to the defendant's default is that of Giallorenzi, to the effect that he "kept the register in Mr. Hyman's (plaintiff's original attorney of record) office," and that so far, apparently, as this register showed, "there was no appearance made or answer served, and defendant is in default." Even should we assume that the identification of the defendant as the person served with process is sufficiently established, we would still be confronted by the fact that the only evidence of adultery is the confession of the defendant herself. To warrant the court in basing a judgment of absolute divorce upon the confession of the party charged with adultery, the circumstances of such confession must be shown to be of a character that precludes all suspicion of collusion, and, as a general rule, such confession should be corroborated by other proof. The evidence in the case at bar does not meet these requirements. The case may be restored to the calendar, and the plaintiff given an opportunity to supply the deficiencies of the evidence in respect to the charge of adultery, and also strengthen the proof as to the identity of the defendant as the person served with process. Likewise the witness Giallorenzi should be shown to have more definite knowledge of defendant's default than that derived from a mere inspection of the "register" of plaintiff's former attorney of record in this action. As it now stands, the evidence is entirely insufficient to entitle the plaintiff to a judgment.

Ordered accordingly.