Donahue, J.
Section 5614, Revised Statutes (Section 12110, General Code), provides that when an’ unmarried woman who has been delivered of or is pregnant with a bastard child makes complaint thereof in writing under oath before any justice' of the peace charging a person with being the father of such child, the justice shall issue his war-' rant for the arrest of the person so charged. The statute uses the word “bastard” but does not define it; therefore, the common law definition of bastard is the proper meaning to be given to that word as used in this statute. .The common law definition of bastard is one that is begotten and born out of lawful matrimony. 1 Blackstone Commentaries, 454; 2 Kent, 208. This definition is now subject to some modification, but a strong presumption always obtains that a child either born in lawful wedlock, or within the competent time after its termination is legitimate, and before it can be found to be a bastard the proof must be clear and convincing. In England unless the husband was shown to be beyond seas during all the period in which it was possible for the wife to become pregnant and be delivered of a child, or unless it could be shown beyond cjuestion that the husband had no power of procreation, this presumption was so absolúte that the doctrine of filiatio .non potest. *169 probaris applied and no proofs would be received to dispute the legitimacy of the child. This doctrine has practically been adopted in the United States with the modification that if the child is born under such circumstances that render it impossible that the husband of its mother can be its father, then the child may be adjudged a bastard. Van Aernam v. Van Aernam, 1 Barb. Ch., 375; Dennison v. Page, 29 Pa., 420; Watts et al. v. Owens, 62 Wis., 512. But such impossibility must be proven beyond a reasonable doubt. Stegall v. Stegall’s Admr., 2 Brock., 256; Cross v. Cross, 3 Paige Ch., 139; Wright v. Hicks, 15 Ga., 160; State v. Herman, 13 Ired., 502.
The question, therefore, to be presented to the jury in a case of this character is not whether the mother of the child and her husband did or did not have sexual intercourse at or about the time the wife became pregnant, but whether under the circumstances proven such acts of intercourse were possible. In other words, such circumstances must be shown by the evidence as would render it impossible that the husband of this woman could be the father of her child.
The evidence offered in this case as shown by the record falls far short of proof of all the requisite facts to authorize a jury or court to find therefrom that a child begotten in lawful wedlock is a bastard. The only evidence tending in that direction is the testimony of the mother that she had no sexual intercourse with her husband from and after the 22nd of February, 1904, a period of 324 days before the birth of the child, and she is not corroborated except perhaps as to her illicit relations with *170 Powell, but proof of the adultery of the wife is not sufficient to show the child is a bastard. She is contradicted in two or three important particulars. True, some of these witnesses were not called to testify, but she admitted in open court that if they were called they would testify that she had said to -them that her husband was the father of the child, and that its blindness resulted from the fact .that its father, her former husband, was suffering with a venereal disease. Aside from this it is clearly in evidence that this woman falsely testified in her divorce case, or at least deceived the court and obtained a divorce by fraud, for according to her evidence now, she was then, and for many months prior to the time of the granting of the divorce, cohabiting in a state of adultery. She now seems willing to add to her own infamy, and further wrong her child, either for the purpose of securing a few dollars from the defendant, or for revenge for his failure to marry her. But if her testimony should be taken as proving beyond a reasonable doubt all- the matters and things to which she testifies, even then the evidence fails to meet the measure of the law. Public policy requires that the status of a child born or begotten in lawful wedlock should be fixed and certain, and the immediate exigencies or even the appa'rent justice of any particular case will not justify a departure from the rule so necessary and salutary to the best interests of society. The law is not willing that a child shall be declared a bastard to suit the whims or purposes of either parent, nor upon evidence merely that no actual act of intercourse occurred between husband and wife at or about the time the wife *171 became pregnant. The proof must be such as to show the impossibility of access, and this evidence not only fails to prove that, but on the contrary it does show that access was a physical possibility at all the time from the date that she claims there was a final separation up until the time the divorce was granted, or at least up until the 21st day of July, after which time there is some proof, very vague and uncertain however, that he was in distant parts. The common pleas court charged the jury among other things, that there is a strong presumption that the husband is the father of a child begotten during the marriage; that the presumption is not conclusive and may be overcome by evidence where it is shown to the jury that the husband could not possibly have had any intercourse with his wife. The charge of the court in this respect was right. The only criticism is, that from the whole paragraph the jury might have understood that the presumption could be overcome by her testimony that she 'had not had sexual intercourse with her husband from the 22nd of February of that year. However that may be, it is evident that the jury either did not understand the charge as given, or did not apply it to the proofs offered, for there is practically no evidence in this record rebutting the presumption of law that her then husband is the father of this child.
Judgment of the common pleas court and of the circuit court is' reversed and cause remanded for further proceedings according to law.

Reversed.

Spear, C J., Davis, Shauck and Johnson, JJ., concur.