<hr/>

## TIMMANN v. TIMMANN.

### (Supreme Court, Special Term, Queens County. April 2, 1913.)

1. DIVORCE (§ 129*)—EVIDENCE—ADULTERY.

   A wife's adultery is proved by proof of her pregnancy or the birth of a child under circumstances negativing the possibility of her husband being the child's father.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441, 454; Dec. Dig. § 129.*]

2. BASTARDS (§ 3*)—EVIDENCE—PRESUMPTION OF LEGITIMACY.

   A husband is presumed to be the father of his wife's child, if he had access to his wife within the required period, and nonintercourse must be established beyond reasonable doubt, or the presumption applies.

   [Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

3. WITNESSES (§ 57*)—COMPETENCY—HUSBAND AND WIFE.

   In a husband's action for divorce, he was not competent to testify to nonaccess by reason of his wife's absence from his home for more than the ordinary period of gestation immediately prior to the birth of a child.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 157–159; Dec. Dig. § 57.*]

4. DIVORCE (§ 129*)—EVIDENCE—ADULTERY.

  On a trial for divorce on the ground of adultery, defendant's admissions or confessions of guilt should be received with jealousy and weighed with caution, and are insufficient to establish the adultery unless supported by facts and circumstances tending to demonstrate the charge to the satisfaction of the court.

  [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441, 454; Dec. Dig. § 129.*]

Action by John Timmann against Gertrude Timmann for divorce. On application by plaintiff for interlocutory judgment. Denied.

BENEDICT, J. This is an application for an interlocutory judgment in an undefended action for divorce, brought on the ground of the alleged adultery of the defendant with one Joseph Zabarinsky, committed at various times between the 2d day of September, 1911, and the 6th day of February, 1913, the date when this action was begun. The parties were married on April 3, 1893, and the plaintiff testifies that the issue of the marriage comprise eight children, whom he names, and he swears that a ninth child, born on November 20, 1912, is not his offspring. He swears that his wife left him on September 2, 1911, and that since that date he has not seen her, nor lived or cohabited with her.

[1] There is no evidence of the fact of adultery in this case, other than the inference of guilt on the part of the defendant which arises from the circumstance of separation of the parties for the period mentioned, assuming that that fact was proved by competent evidence, and the birth of the child on November 20, 1912. When a married woman is pregnant with or gives birth to a child under circumstances negativing the possibility of her husband's being the father of it, her adultery is proved. Richardson v. Richardson, 1 Hagg. Eccl. 6; Caton v. Caton, 13 Jur. 431.

[2] The husband is presumed to be the father of the child, if he had access to his wife within the required period. Cross v. Cross, 3 Paige, 139, 23 Am. Dec. 778. The Chancellor in that case says:

"The statute has very properly declared that the legitimacy of all children begotten before the commencement of the suit for a divorce shall be presumed until the contrary is shown. And such presumption can only be rebutted by the most satisfactory and convincing proof that the husband was not the father of the child. The ancient rule, that the husband must be presumed to be the father, if he was within the four seas during any part of the usual period of gestation, has been long since exploded; and, as Justice Gross says, 'on account of its absolute nonsense.' But the modern rule, which is marked out by its good sense, is that, to bastardize the issue of a married woman, it must be shown beyond all reasonable doubt that there was no such access as could have enabled the husband to be the father of the child."

See, also, Van Aernam v. Van Aernam, 1 Barb. Ch. 375.

As Surrogate Fowler remarks in Matter of Klinzner, 71 Misc. Rep. 620, 622, 130 N. Y. Supp. 1059, 1061:

"'Semper præsumitur pro legitimatione puerorum.' Co. Litt. 126; 5 Rep. 98b; Vowles v. Young, 13 Ves. 145, cited Caujolle v. Ferrié, 23 N. Y. 90, 107; Chamberlayne's Best, Ev. 305. Nonintercourse between the mother and

her lawful husband must be established in every such case beyond reasonable doubt (Cross v. Cross, 3 Paige, 139 [23 Am. Dec. 778]), or else the other maxim, 'Pater est quem nuptiæ demonstrant,' prevails (Van Aernam v. Van Aernam, 1 Barb. Ch. 375), even though the spouses live apart (Best, Ev. § 349)."

See, also, Judge Gaynor's opinion in Mayer v. Davis, 119 App. Div. 96, 99, 103 N. Y. Supp. 943.

[3] The difficulty which the plaintiff has to meet and overcome in the present case is that the court cannot accept evidence from him going to show nonaccess by reason of the absence of his wife from his home for the period of more than the ordinary period of gestation immediately prior to November 20, 1912. His own testimony is incompetent. Taylor v. Taylor, 123 App. Div. 220, 108 N. Y. Supp. 428; Fanning v. Fanning, 2 Misc. Rep. 90, 20 N. Y. Supp. 849.

[4] Without his testimony there is nothing left in the evidence upon which a judgment can be supported. The testimony of the defendant's mother as to the date when the plaintiff left his wife is altogether too vague and unsatisfactory, and so was her testimony as to what the defendant had said to her about the case on the day before the summons was served. Assuming that they rise to the dignity of a confession of guilt on the defendant's part, the rule is well settled that such admissions or confessions are not ordinarily sufficient to establish marital misconduct as a ground of divorce, unless they are corroborated by independent evidence of guilt. Such confessions are to be received with jealousy and to be weighed with caution, and they should be supported by facts and circumstances tending to demonstrate the charge to the satisfaction of the court. Madge v. Madge, 42 Hun, 524; Lyon v. Lyon, 62 Barb. 138; Fowler v. Fowler, 29 Misc. Rep. 670, 61 N. Y. Supp. 109.

It is doubtless true that confessions or admissions of guilt on the part of the defendant in a divorce action may be proven against him or her, and under proper conditions are entitled to great weight; but when, as in this case, they are wholly unsupported by other proof, they ought not, as it seems to me, to be controlling on the court. It would furnish a very simple, expeditious, and safe method of obtaining a judicial severance of the marriage relation if a decree could be had merely upon the testimony of a witness to the effect that the defendant had said to her, as in this case, that her husband was not the father of the child. Neither such a witness nor the defendant could be reached in a prosecution for perjury upon such evidence, and it is altogether too loose and dangerous a method to receive judicial favor.

Application for interlocutory judgment denied.