STETSON v. STETSON.

(Supreme Court, Special Term, Kings County. March, 1914.)

1. DIVORCE (§ 129*)—ACTIONS—SUFFICIENCY OF EVIDENCE.
   Evidence that defendant had procured a railroad ticket for a woman not his wife and caused her to be transported to another state with intent to cohabit with her was not sufficient corroboration of defendant's confession of the charge of living in adultery, made in the complaint in a divorce action by his wife, so as to authorize a divorce on that ground.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441, 454; Dec. Dig. § 129.*]

2. EVIDENCE (§ 318*)—HEARSAY.
   A statement, purporting to be signed by a United States Commissioner and made under his official seal, reciting certain evidence given before him in a prosecution of the witness for violation of the "White Slave Act," cannot be considered as evidence in an action for divorce against the witness, even if the facts contained therein were relevant; not being properly presented as evidence.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

Divorce action by Catherine N. Stetson against Ralph W. Stetson. On application for interlocutory judgment. Application denied, with leave to make new application.

Thomas Moore Simonton, of New York City, for plaintiff.

BENEDICT, J. This is an application for interlocutory judgment in an undefended action for a divorce. The evidence presented is, I think, wholly insufficient to warrant the court in granting judgment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

'for the plaintiff.  The complaint charges the commission of statutory offenses in New York City in April and May, 1912, with a named co-respondent, and also that afterward the defendant left New York, accompanied by the corespondent, and lived in adulterous intercourse with her until about July 1, 1912, when he was arrested upon a charge of violating the federal laws relating to "white slavery," upon which charge he was afterward convicted and sentenced.

No direct evidence of the commission of the offenses charged was produced; but the plaintiff relies wholly upon a letter received by her attorney and purporting to be signed by the defendant, and also upon the record of the proceedings in the criminal prosecution in the United States District Court for the District of Nevada, referred to in the complaint.

The summons herein was served by publication, and the letter was apparently written upon receipt of the papers required by the order to be mailed to the defendant.  The following is a copy of the letter, which was written by hand:

U. S. Penitentiary, McNeils Island Wn., April 28, 1913.

To Thomas Moore Simonton, Atty., 43 Cedar St., New York City, N. Y.—Dear Sir: I am in receipt of a summons and complaint instituted by Catherine N. Stetson, making me defendant in a suit for absolute divorce.  I wish to acknowledge same, and also state that I am the party mentioned in said complaint, and to further state that I am guilty of all the allegations set forth therein.

Yours very respectfully,        Ralph W. Stetson.

(Copy of reply to Justice Putnam, Supreme Court, Brooklyn, N. Y. P. S. T. M. S. Esq.)

Will you kindly let me know result of this action, when divorce is decreed and conditions thereof.

Yours very truly,        R. W. Stetson.

(Inclosure.)

[1] A witness, who testified that she was a former fellow employé of defendant, identified the handwriting of the letter as that of "Ralph W. Stetson, the defendant in this action;" but there is no proof that she knew the writer of the letter to be the husband of the plaintiff. Passing by this possible defect of proof, however, and treating the letter as a confession of the defendant, I am of opinion that there was not sufficient corroboration thereof to justify me in granting judgment to the plaintiff.  The only other evidence presented was, as already stated, the record of the criminal prosecution, from which it appears that defendant pleaded guilty to an indictment which charged in the first count thereof (to which count only the plea of guilty applied) that the defendant had procured a ticket for the corespondent and caused her to be transported in interstate commerce with an unlawful intent, to wit, that she should live and cohabit with him as his mistress; but there is no allegation of cohabitation or unlawful intercourse.  The plea of guilty did not therefore admit, nor does the resulting conviction prove, anything more than an intent to commit adultery, and some steps taken to carry out that intent.

The authorities will, I think, bear out the proposition that this evidence was entirely insufficient.  Lyon v. Lyon, 62 Barb. 138; Madge v. Madge, 42 Hun, 524; Sigel v. Sigel (Super.) 20 N. Y. Supp. 377;

Fowler v. Fowler, 29 Misc. Rep. 670, 61 N. Y. Supp. 109; Diederichs v. Diederichs, 44 Misc. Rep. 591, 90 N. Y. Supp. 131; Timmann v. Timmann, 142 N. Y. Supp. 298.

[2] Annexed to the record from the federal District Court is a statement purporting to be signed by a United States Commissioner and under his official seal, reciting certain evidence given by the co-respondent before him, which evidence, if properly presented to this court, would entitle the plaintiff to judgment; but the statement of the commissioner cannot be regarded as evidence in this court for any purpose.

I will not dismiss the complaint, but will deny the application for judgment, with leave to the plaintiff to make a new application upon other or additional evidence in the present action at Special Term, Part 2, of this court, if she shall be so advised.