JAMES A. STILLMAN, Appellant, *v.* ANNE U. STILLMAN et al., Respondents.

**Husband and wife — divorce — legitimacy of child — section 1760 of Code of Civil Procedure (Civ. Pr. Act, § 1157) authorizing determination as to legitimacy of child born after commission of adultery by wife, in action by husband for divorce, construed — court has no jurisdiction to render judgment as to legitimacy of child independently of decree of divorce for adultery of mother — Court of Appeals will not grant new trial upon appeal of husband from dismissal of his complaint in action for divorce where only possible issue would be as to legitimacy of child.**

1. The provision of section 1760 of the Code of Civil Procedure (Civ. Pr. Act, § 1157) that in an action brought by the husband for divorce " the legitimacy of a child born or begotten before the commission of the offense charged is not affected by a judgment dissolving the marriage; but the legitimacy of any other child of the wife may be determined as one of the issues in the action," must be construed as restricted to a judgment of divorce, based upon a prior finding of the wife's adultery, which determines the legitimacy of a child begotten after the offense found was committed.

2. A court, therefore, in an action where whatever jurisdiction it has is conferred upon it by that section, has no jurisdiction to render a judgment, not merely as incidental to a decree of divorce for the wife's adultery, but independently as to the legitimacy of an infant defendant.

3. Where in an action for absolute divorce brought by the husband, an infant child of the wife, begotten after the offense charged is alleged to have been committed, was made a party and his legitimacy questioned, and it was adjudged after trial that the wife did not commit adultery, that the husband was guilty of that offense and

that the child was legitimate, which judgment was modified by the Appellate Division by striking out as unnecessary the finding as to the innocence of the wife, upon appeal by the husband to the Court of Appeals a new trial will not be granted since the only possible issue thereon would be as to the legitimacy of the infant. A new trial cannot be granted between husband and wife because the Appellate Division has not reviewed the question of her adultery and the matter cannot be remitted to that court for further consideration and in view of the conceded adultery of the husband the judgment dismissing the complaint must necessarily stand and the guilt or innocence of the wife is immaterial. No new trial being possible as against her on the issue of her guilt an independent investigation as to the child's legitimacy will not be ordered, even assuming without deciding that the child was a proper party to the action.

*Stillman* v. *Stillman,* 208 App. Div. 815, modified.

(Argued April 6, 1925; decided June 2, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 31, 1924, modifying and affirming as modified a judgment in favor of defendants entered upon the report of a referee.

*Nathan L. Miller, Outerbridge Horsey* and *Cornelius J. Sullivan* for appellant.

*Isaac N. Mills* for Anne U. Stillman, respondent.

*John E. Mack* for Guy Stillman, respondent.

ANDREWS, J. This is an action for absolute divorce brought by the husband. An infant child of the wife, begotten after the offense charged is alleged to have been committed, was made a party defendant and his legitimacy was questioned. The wife by her answer denied the allegations of the complaint and made counter charges against the husband as an affirmative defense. The child submitted his rights to the court. After issue was joined the usual order of reference was made. The referee heard the case and submitted his report. Upon it the Special

Term entered a judgment adjudging that the defendant did not commit adultery, that the plaintiff was guilty of that offense and that the child was legitimate. It also fixed the fees of the referee, the amount to be paid to the guardian *ad litem* of the child " for his services, allowance, costs and compensation," and for his disbursements, the costs of the adult defendant and ended by dismissing the complaint upon the merits with costs. From this judgment the plaintiff took a general appeal to the Appellate Division. In that court the original judgment was modified by " striking out from said judgment the finding as to the innocence of the adult defendant of wrong doing as immaterial and unnecessary." As so modified it was unanimously affirmed. That court, therefore, did not pass upon the weight of evidence as to the alleged guilt of the wife. From the whole of this judgment an appeal was then taken to this court. The main question raised is as to the claimed erroneous exclusion of certain testimony bearing upon the wife's actions and the legitimacy of the infant. There is no dispute and could be none as to the adultery of the plaintiff and the necessary dismissal of the complaint. We are asked, however, to reverse the court below and grant a new trial.

We need not consider certain questions that have occurred to us. We simply note them lest the procedure in this litigation be considered a precedent.

Clearly under the original language of the Revised Statutes in such an action as this, the child was not a proper party defendant. The question of his legitimacy is " to be tested upon the proofs in the suit between husband and wife." (*Cross* v. *Cross*, 3 Paige, 140.) We find no precedent for the course taken here. We doubt if the Code did more than re-enact the original provision in somewhat different language. But of his own act the appellant may not complain. Nor does he ask relief on the ground that even as modified the judgment is

irregular because it contains findings of fact. (*Porter* v. *International Bridge Co.*, 200 N. Y. 234, 252.) We, therefore, pass this matter also. Nor finally do we express any opinion as to whether a decree in so far as it relates to the legitimacy or illegitimacy of a child is to be viewed as having the effect of a judgment *in rem* or one solely *in personam.*

The serious question and the only question we decide is whether with the infant before it, the court has any jurisdiction whatever to render a judgment not merely as incidental to a decree of divorce for the wife's adultery but an independent judgment as to the legitimacy of the infant defendant.

The result depends upon the meaning to be given to section 1760 of the Code of Civil Procedure (now Civ. Prac. Act, sec. 1157) based as it is on Revised Statutes, part 2, chapter 8, title 1, section 44. In an action brought by the husband " the legitimacy of a child born or begotten before the commission of the offense charged is not affected by a judgment dissolving the marriage; but the legitimacy of any other child of the wife may be determined as one of the issues in the action."

We have already expressed a doubt whether a child may properly be made a defendant in such an action. Here, however, by the act of the appellant the child has been brought in. Of his person the court has obtained jurisdiction. In so far as it is authorized by statute to exercise jurisdiction over the question of his legitimacy its decree must be sustained. (*Risley* v. *Phenix Bank, N. Y. City*, 83 N. Y. 318.) If it had no jurisdiction over this subject the decree may be attacked directly or collaterally. It has attempted to enter a judgment declaring the child legitimate.

Our conclusion is that it had no jurisdiction to render such a judgment. We know of no proceeding by which the sole question of the legitimacy of a child may ever have been or may now be tested unless it may be done

under the provisions of the Revised Statutes or of the Code or of the Civil Practice Act referred to or unless it is now permitted under the provisions as to declaratory judgments, as to which we express no opinion. Whatever jurisdiction the court had in this particular case is conferred upon it by section 1760 of the Code. We confine ourselves to an interpretation of that section.

We construe it as restricted to a judgment of divorce based upon the prior finding of the wife's adultery which determines the legitimacy of a child begotten after the offense found was committed.

A child born of a wife during marriage is presumptively legitimate. It may not be so in fact. In one case the husband may directly test this question. Not in an action brought by the wife although she be defeated because of her own adultery. Not in an action brought by the husband if the child is begotten before the particular offense of which he makes sufficient proof to justify a decree. Not if he, because of his own adultery, or because of condonation or lapse of time or his own procurement of the act of which he complains is defeated. It was never intended that a husband, entitled to no relief against his wife, might bring an action nominally for divorce but in reality solely to determine a child's legitimacy. " Where an action is brought by the husband " implies an action in fact brought for a divorce and successfully prosecuted. Then he may be protected if in truth he is entitled to protection. The offense must have been committed by the wife. That must be proved and found. Only thereafter does the issue as to legitimacy arise. It is made as merely incidental to the main determination. It then becomes one of the issues in the action — the action for divorce between husband and wife. Where the principal was dropped, the incident should have fallen with it.

The result of holding otherwise shocks our sense of fitness. If the issues of the wife's adultery and the

child's legitimacy are independent questions we might have in the same judgment a decree dismissing the complaint because of the wife's innocence and declaring the child illegitimate upon evidence not admitted as against her. No better illustration of the effect of such a rule can be given than the case we have before us for consideration. We are asked to grant a new trial because of the exclusion of evidence said to be competent on both the matter of the wife's adultery and the child's legitimacy. If that were done the only possible issue in the trial court would be as to the infant. We could not grant a new trial between husband and wife, *first*, because the Appellate Division has not reviewed the question of her adultery and we could but remit the matter to that court for further consideration, and, *secondly*, because in view of the conceded adultery of the husband the judgment dismissing the complaint must necessarily stand and her guilt or innocence is immaterial. We will never order a new trial where the result in the court below could not be altered. No new trial being possible as against her on the issue of her guilt we cannot order an independent investigation as to the child's legitimacy, an investigation to which she is not a party.

As to the award made to the guardian *ad litem* we are forced to concur in the conclusion reached by the Appellate Division. Whatever we may think of the amount allowed in the courts below, we have no jurisdiction which permits us to interfere. Even if, as indicated by the opinion of the Special Term, matters were considered that had no proper bearing on the question, the unanimous affirmance concludes us.

The judgment appealed from should be modified by striking therefrom all reference to the legitimacy of the infant defendant, and as so modified affirmed.

All concur.

Judgment accordingly.