BRUCE WILFERTH, Plaintiff, *v.* FERN WILFERTH, Defendant.

Supreme Court, Monroe County, August 1, 1940.

*Ira H. Morris,* for the plaintiff.

*Christopher H. D'Amanda,* for the defendant.

LAPHAM, J.   This is a motion by the defendant for counsel fees in an action for an absolute divorce.   The plaintiff by way of a cross-motion seeks an order directing that the child of the defendant shall submit to a blood test, under the provisions of section 306-a of the Civil Practice Act, in order to determine the paternity of the child as an issue in the divorce action.

The plaintiff and the defendant were married on December 23, 1933.   On March 30, 1935, a child was born.   On March 21, 1935, the defendant instituted an action for separation against the plaintiff and this action culminated in a decree of separation in favor of the defendant, which is now in force and under which the plaintiff has been paying alimony to the defendant for the support of herself and her child.   On June 26, 1940, the plaintiff commenced this action for an absolute divorce against his wife.

The plaintiff has failed to bring himself within the conditions prescribed by section 306-a of the Civil Practice Act for a compulsory blood test. Under the provisions of this section a child of a party to an action may be compelled to submit to a blood test only where this " shall be relevant to the prosecution or defense of an action * * *." (Civ. Prac. Act, § 306-a.)

The legitimacy of the child born during the marriage cannot be questioned by the husband here. The complaint charges 'the defendant with specific adulteries only in 1939. The child whose origin the plaintiff now seeks to question was born March 30, 1935, long before the commission of the specific adulteries alleged in the complaint. Under these circumstances, the presumption of legitimacy which attaches to a child born of the wife during the marriage, is conclusive and immune from attack by the husband. (Civ. Prac. Act, § 1157; *Stillman* v. *Stillman*, 240 N. Y. 268.)

The results of the blood test, moreover, are admissible in evidence only where definite exclusion is established. (Civ. Prac. Act, § 306-a.)

If this were the outcome of the test, the result would be to bastardize the issue of the marriage. Without commenting on the anomaly of the husband seeking the custody of an illegitimate child of his wife, it is enough to say that if such were the result of the test, the wife would be entitled to the custody of the child. (*Grillo* v. *Sherman-Stalter Co.*, 195 App. Div. 362; affd., 231 N. Y. 621.)

In the light of the facts disclosed by the affidavits and the circumstances of the parties, the defendant is entitled to the sum of $100 as counsel fees for the defense of this action.

The motion of the defendant for counsel fees is granted to the extent indicated in this decision, and the cross-motion of the plaintiff for a blood test of the child is denied.

Let order enter accordingly.