Matthew J. Jasen, J.
This is a motion for an order to allow the plaintiff husband to serve an amended complaint setting forth a second cause of action to determine the question of legitimacy of one of the children bom to the defendant wife.
The husband commenced an action for absolute divorce against his wife by the service of a summons and verified complaint on March 24, 1959. The husband alleged that the wife committed adultery with a named corespondent during the years 1957 and 1958. An answer was interposed by the wife denying the allegations and issue was joined.
Upon motion of the wife on April 21, 1961, before the Hon. Alfred M. Kramer, the case was ordered for trial by a jury on the issue of adultery only. The husband’s attorney made no motion or request for the framing and trial of any other issue *44 by the jury. The issue of adultery was tried before this court and a jury on April 24, 1961. On April 26, the jury answered in the affirmative that the defendant did commit adultery during the years 1957 and 1958.
On June 5, 1961, plaintiff obtained this order to show cause. The ground for the husband’s motion is “that the facts alleged herein came to your deponent’s attention after the service of the original complaint herein.” The court cannot accept this statement in view of the fact that in the original complaint verified by the husband on February 14, 1959, he alleged in paragraph ‘ ‘ Third ’ ’ the birth of a child to the wife on October 5, 1958, in Buffalo, New York, which is admitted in the answer.
In paragraph “ Sixth ” of said complaint he alleged that the wife was living with the corespondent at a stated address in Erie County. Therefore, it is obvious that the husband was aware of the birth of the child he now seeks to have declared illegitimate at the time of the service of the original complaint.
There is further evidence that on August 13,1959, the husband by affidavit, made in opposition to the wife’s motion for counsel fees in this action, stated the name, date and place of birth of said child and clearly indicated that he had examined the birth record in the Bureau of Vital Statistics. Therefore, on the basis of his own sworn statements, the court finds that the husband was fully aware of the facts surrounding the birth of said child at the time he commenced this action. For the reasons stated, the motion is denied.
In any event the husband should be aware of section 1157 of the Civil Practice Act and rule 279 of the Rules of Civil Practice. The latter reads as follows:
11 Rule 279. Pleading and trial of issue of illegitimacy of children.
“In an action by a husband for a divorce, if he wishes to question the legitimacy of any of the children of his wife, the allegation that they are, or that he believes them to be, illegitimate, shall be made distinctly in the complaint. On default, proofs shall be taken respecting the question of legitimacy as well as on the other matters stated in the complaint, and if the issue be tried by a jury, an issue on the question of the legitimacy of the children shall be awarded and tried at the same time.”
This section clearly states that the issue of legitimacy in an action for a divorce by a husband shall be made distinctly in the complaint. This the husband failed to do. Assuming that the husband were permitted to amend the complaint as he seeks *45 in this motion, in order to comply with said requirement in rule 279, he still could not be granted the relief requested by virtue of that part of said rule which reads: “ if the issue be tried by a jury, an issue on the question of the legitimacy of the children shall be awarded and tried at the same time.” (Emphasis supplied.)
In Newman v. Newman (91 N. Y. S. 2d 330, 331) the court said: ‘ ‘ the issue of legitimacy in an action for divorce by a husband must be adjusted and tried by a jury at the same time as the issues of adultery.” (See, also, Berntsen v. Berntsen, 87 N. Y. S. 2d 855.)
Although the court held in Stillman v. Stillman (240 N. Y. 268, 272) in interpreting section 1760 of the Code of Civil Procedure (now Civ. Prac. Act, § 1157), “‘Where an action is brought by the husband ’ implies an action in fact brought for a divorce and successfully prosecuted. * * * The offense must have been committed by the wife. That must be proved and found. Only thereafter does the issue as to legitimacy arise ”. This interpretation by the court does not nullify or in any way limit the requirements of the pleading as set forth in rule 279 but merely sets forth the procedure to be followed during the trial of the divorce action brought by a husband against a wife in which the question of legitimacy of one of the children is properly raised. It is obvious that the question must be submitted to the jury in such a form that they must first pass on the question of the adultery of the wife and then if they answer that question in the affirmative, they proceed to the determination of the incidental question of legitimacy. Motion denied for the reasons stated.